**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Horace Joseph BIG MEDICINE,**
**Defendant–Appellant.**

**No. 95–8001.**

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1995.

---

David D. Freudenthal, United States Attorney, John R. Green, Assistant United States Attorney, District of Wyoming, Cheyenne, Wyoming, for Plaintiff–Appellee.

Corinne A. Miller, Casper, Wyoming, for Defendant–Appellant.

Before SEYMOUR, Chief Judge, McKAY, and EBEL, Circuit Judges.

SEYMOUR, Chief Judge.

Horace Joseph Big Medicine pled guilty to one count of sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a) and 1153. In sentencing Big Medicine, the district court upwardly departed from the Sentencing Guidelines, and Big Medicine challenges the departure on appeal. Because we conclude that one of the bases for the upward departure was improper, we vacate the sentence and remand for resentencing.[1]

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that

## I.

In May 1994, Big Medicine's stepdaughter disclosed that Big Medicine and she had engaged in sexual intercourse and that she was pregnant. At the time, the stepdaughter was fifteen years old and was living with her mother and Big Medicine on the Wind River Indian Reservation in Wyoming. Following initiation of an investigation, Big Medicine admitted that he had had sexual intercourse with his stepdaughter on about seventy-five occasions over the previous four years, beginning when she was twelve years old. A grand jury indicted Big Medicine on three counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a) and 1153. Big Medicine initially pled not guilty, but later agreed to plead guilty to one of the counts as part of a plea agreement. In the plea agreement, which the district court accepted, Big Medicine acknowledged he understood that the government would seek a sentence at the highest level allowable pursuant to the United States Sentencing Commission Guidelines Manual (hereinafter Guidelines). He also acknowledged the government would seek an upward departure outside the applicable Guidelines range.[2]

The presentence report indicated that the appropriate Guidelines section for violation of 18 U.S.C. § 2243(a) is § 2A3.2, which provides a base offense level of fifteen. The report stated that because the victim was in Big Medicine's custody and care, the offense level would be increased by two levels pursuant to § 2A3.2(b)(1). Because Big Medicine demonstrated acceptance of responsibility, the offense level would be decreased by three levels pursuant to § 3E1.1. With an adjusted offense level of fourteen and a criminal history category of I, the Guidelines range was fifteen to twenty-one months.

The report also suggested that an upward departure from the Guidelines might be appropriate to reflect the numerous admitted instances of criminal acts, the age of the victim, and the bodily injury suffered by the victim as a result of the pregnancy and subsequent abortion. Relying on the multi-count analysis of Guidelines § 3D1.4, the report suggested an increase of five levels. Using the enhancements for age and bodily injury under § 2A3.1 for criminal sexual abuse, the report suggested a two-level increase under both §§ 2A3.1(b)(2)(B) and 2A3.1(b)(4)(B). Addition of these nine levels would result in an offense level of twenty-three, with a corresponding imprisonment range of forty-six to fifty-seven months.

In sentencing Big Medicine, the district court concluded that the seventy-five criminal acts were aggravating circumstances and used the multi-count analysis of § 3D1.4 to add five levels. The court also found it appropriate to increase the offense level by two to account for the victim's age, relying on § 2A3.1(b)(2)(B). Addition of these seven levels to the fourteen initially determined resulted in a total offense level of twenty-one and a corresponding imprisonment range of thirty-seven to forty-six months. The court used the victim's pregnancy and abortion as a reason to sentence Big Medicine to forty-six months.[3]

## II.

■ We apply a three-step process in reviewing the propriety of a district court's decision to depart upward from the Guidelines. *United States v. Okane,* 52 F.3d 828, 831 (10th Cir.1995); *United States v. White,* 893 F.2d 276, 277 (10th Cir.1990). First, we examine the record *de novo* to determine whether the circumstances cited by the district court justify departure. *Okane,* 52 F.3d at 831. Second, we assess under the clearly erroneous standard whether the record contains a factual basis to support the circumstances relied upon by the district court. *Id.*

---

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** References to the Guidelines are to those incorporating amendments effective November 1, 1993.

**3.** The court also recommended that Big Medicine be placed in a sex offenders treatment program during the last twenty-four months of his imprisonment, and ordered him to pay $1,328.90 in restitution and a $50.00 special assessment fee and to be placed on three years' supervised release following his imprisonment.

Finally, we determine whether the degree of departure was reasonable. *Id.* On appeal, Big Medicine does not challenge the factual bases for the upward departure. He contends that the circumstances did not justify departure and that the degree of departure was not reasonable.

■ Big Medicine argues that the district court's consideration of uncharged conduct to increase his sentence through its multi-count analysis was improper for two reasons. First, he contends that in the plea bargain he pled guilty to only one act of statutory rape and did not stipulate to the other seventy-four acts to which he admitted. He argues that because he did not stipulate to the other acts, and in fact pled guilty to one count only in exchange for dismissal of the other two counts, the court violated the plea agreement by sentencing him based on the uncharged conduct and dismissed charges. *See, e.g.,* *United States v. Castro–Cervantes,* 927 F.2d 1079, 1082 (9th Cir.1990). Second, he contends that under *United States v. Zamarripa,* 905 F.2d 337, 342 (10th Cir.1990), the district court could not use the multi-count analysis to sentence him to more time (forty-six months) than it could have sentenced him had he been convicted of all three counts contained in the original indictment (which he claims is a maximum of thirty-seven months).

Big Medicine's arguments are based on his contention that the court relied solely on the charges dismissed as part of the plea bargain as the basis for the upward departure, as was the case in *Castro–Cervantes,* 927 F.2d at 1082. We see the court's multi-count departure analysis differently.

■ When a defendant stipulates to misconduct in a plea agreement, he must be sentenced as if he had been convicted of this misconduct. *See Zamarripa,* 905 F.2d at 341. However, the reverse—that unstipulated misconduct cannot increase a sentence—is obviously not true. *Id.* at 341–42 (adopting discussion of "means by which misconduct

not resulting in conviction may be factored into the district court's sentencing decision" stated in *United States v. Kim,* 896 F.2d 678, 682–85 (2d Cir.1990)). Guidelines § 5K2.0, which the district court used here, allows uncharged misconduct to support an upward departure. *Zamarripa,* 905 F.2d at 341. The government need prove such misconduct only by a preponderance of the evidence. *United States v. Sapp,* 53 F.3d 1100, 1104 (10th Cir.1995).

Nothing in the plea agreement prevented the district court from considering uncharged misconduct in sentencing. The agreement simply did not address this issue.[4] Thus, the sentence did not violate the plea agreement or make it an "empty bargain," as Big Medicine contends.

Big Medicine is incorrect that the district court's departure would have been different had it been based on only the seventy-two instances of the "never charged" criminal sexual abuse without consideration of the two charged but dismissed instances. Although the district court in fact considered all seventy-five acts of misconduct to which Big Medicine admitted, the inclusion of the two dismissed counts did not make a difference in the multi-count analysis. Because acts of criminal sexual abuse are excluded from being grouped together under the multi-count analysis, each act counts separately as one unit. *See* § 3D1.2 commentary application note 4, ex. (5) (rape of same victim on separate days not subject to grouping). For anything more than five units, the increase is five levels. Regardless of whether the precise number of units here was seventy-two, seventy-four or seventy-five, the multi-count analysis would remain the same.[5]

■ Big Medicine's second argument regarding the district court's consideration of uncharged misconduct fails for the same reason. This argument is apparently based on his contention that had he been convicted of the three counts contained in the original indictment, the multi-count analysis would

---

4. Although the agreement stated that the government would seek upward departure, it did not state on what bases.

5. We therefore need not address Big Medicine's argument that a court cannot consider in its sentencing decision charges dismissed as part of a plea agreement.

have resulted in an increase of only three levels instead of five. *See* Guidelines § 3D1.4. Had this been the case, however, the court still could have considered the other seventy-two instances of uncharged misconduct in departing upward and could have arrived at the same five-level increase as it did here. Big Medicine did not "receive more time on a 'departure' than he could have received had he been convicted of the crimes leading the judge to depart." *Zamarripa*, 905 F.2d at 342 (quotation omitted).

▇▇▇ Big Medicine next argues that the victim's pregnancy and abortion were not circumstances outside the "heartland" of typical sexual abuse cases and should not justify departure from the Guidelines. However, the district court did not depart upward based on the victim's pregnancy but instead used it only as a reason to sentence Big Medicine at the high end of the range it determined on the basis of other factors. We do not review a district court's rationale for imposition of a particular sentence within an appropriate Guidelines range. *United States v. Flinn*, 987 F.2d 1497, 1505–06 (10th Cir.1993).

▇ Finally, Big Medicine contends that the district court erred in upwardly departing based on the age of the victim. We agree. Big Medicine was convicted of violating 18 U.S.C. § 2243(a), sexual abuse of a minor. For violation of this statute, the victim must "ha[ve] attained the age of 12 years but ha[ve] not attained the age of 16 years." *Id.* § 2243(a)(1). Guidelines § 2A3.2 covers violations of section 2243(a), and the commentary to § 2A3.2 states that it "applies to sexual acts that would be lawful but for the age of the victim."

In determining that an offense level increase for the victim's age was appropriate, the district court relied on Guidelines § 2A3.1(b)(2)(B) to add two levels.[6] However, § 2A3.1 applies to violations of statutes (18 U.S.C. §§ 2241, 2242) for which the victim's age is not a consideration. Similarly, § 2A3.4 covers violations of 18 U.S.C. § 2244, abusive sexual contact, and also contains a

provision in subsection (b)(2) for increasing the offense level in some circumstances based on the age of the victim. The background section of the commentary to § 2A3.4 states that "[t]he enhancement under subsection (b)(2) does not apply, however, where the base offense level is determined under subsection (a)(3) because an element of the offense to which that offense level applies is that the victim had attained the age of twelve years but had not attained the age of sixteen years." *Cf. United States v. Plaza–Garcia*, 914 F.2d 345, 347 (1st Cir.1990) ("Guideline § 3A1.1 provides for a two-level increase if the victim is 'unusually vulnerable due to age;' but it also states that no increase is warranted if 'the offense guideline specifically incorporates this factor.' ").

We are persuaded that Guidelines § 2A3.2 already considers the victim's age because it applies to violations of a statute that prohibits sexual acts with another person of a specified age. Age is thus an aggravating circumstance adequately considered by the Sentencing Commission, and the district court should not have used it to increase Big Medicine's sentence. Although we affirm the court's use of uncharged misconduct to depart upwardly, the court's improper reliance on the victim's age as a departure factor requires that we remand for resentencing. *Zamarripa*, 905 F.2d at 342. We do not address the reasonableness of the degree of departure.

The case is REMANDED to the district court with instructions to VACATE the sentence and RESENTENCE Big Medicine in light of this opinion.

▇▇▇▇▇

---

6. Guidelines § 2A3.1(b)(2)(B) states that "if the victim had attained the age of twelve years but had not attained the age of sixteen years, increase by 2 levels."