**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-4165

DARICK DEE PITTMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-94-143-F)

Submitted: December 30, 1997

Decided: January 30, 1998

Before HAMILTON and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Darick Dee Pittman pled guilty to attempted armed bank robbery, 18 U.S.C.A. § 2113(a), (d) (West Supp. 1997), and use of a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1997). Pursuant to his plea agreement, two counts of robbery affecting interstate commerce and two additional § 924(c) counts were dismissed. In sentencing Pittman, the district court departed upward from offense level 25 to offense level 34 and imposed the statutory maximum sentence of 25 years (300 months) for the attempted robbery, with a consecutive 60-month sentence for the § 924(c) conviction. The departure was based on extreme psychological injury to the multiple victims of Pittman's offenses. See U.S. Sentencing Guidelines Manual § 5K2.3, p.s. (1995). Pittman challenges the departure as unwarranted and unreasonably harsh.[1] We affirm.

On August 31, 1994, Pittman robbed a McDonald's restaurant in Rocky Mount, North Carolina, and sexually assaulted two female employees during the robbery. On October 20, 1994, Pittman attempted to rob a bank after business hours had ended. While he was in the bank, Pittman raped one of the female employees twice, sexually assaulted three others, and threatened to assault the thirteen-year old daughter of one of the employees. On October 21, 1994, Pittman robbed three employees of another restaurant and attempted to sexually assault one of the female employees.[2]

The district court determined that Pittman's offense level was 25; this included a 4-level enhancement for serious bodily injury to a vic-

_____

[1] Pittman has moved to withdraw the second argument presented in his brief. We grant the motion.
[2] Pittman was convicted in state court of two counts of first degree rape and armed robbery in connection with these offenses.

2

tim based on the psychological harm resulting from rape of a victim. See USSG § 2B3.1(b)(3)(B). Pittman was in criminal history category VI, giving him a guideline range of 110-137 months. However, the probation officer had also recommended that the court consider an upward departure for extreme psychological injury or extreme conduct. The district court decided that a departure was warranted because Pittman had caused severe psychological injury to multiple victims. To determine the extent of the departure, the court analogized to USSG § 2A3.1 (Criminal Sexual Abuse) and suggested that, had Pittman been convicted in federal court of the sexual crimes he committed during the bank robbery, his guideline range would be 168-210 months. That range would apply if Pittman had an offense level of 30.**3** The court found that guideline range inadequate because it failed to account for the psychological injury to multiple victims. The court found that a departure to the statutory maximum of 300 months was appropriate.

Departures are reviewed generally for abuse of discretion. See Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 1664/8842). However, the district court must impose a sentence within the guideline range unless it determines that individual facts present in the case take the case outside the "heartland" of typical cases embodied in the conduct covered by the applicable guideline. Before departing, the sentencing court should determine whether the factor on which it is considering a departure has been forbidden, encouraged, discouraged, or unmentioned as a possible basis for departure by the Sentencing Commission. See United States v. Wilson, 114 F.3d 429, 433 (4th Cir. 1997) (following Koon). If the factor being considered is an encouraged factor but the applicable guideline takes it into account, then it may justify a departure only if it "`is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" See United States v. Brock, 108 F.3d 31, 34-35 (4th Cir. 1997) (quot-

_____

**3** Under USSG § 2A3.1, Pittman's base offense level would have been 27, increased by 4 levels for use of a weapon in the commission of the offense. An additional increase of 2 levels for serious bodily injury (psychological injury) would have resulted in an adjusted offense level of 33 and, with credit for acceptance of responsibility, a final offense level of 30.

3

ing <u>Koon</u>). Here, extreme psychological injury is an encouraged factor for departure, <u>see</u> USSG § 5K2.3, and the victims' statements describing the effects of Pittman's conduct established a factual basis for the departure.

Pittman argues that USSG § 2B3.1 adequately accounted for the victims' psychological injury because he received an enhancement for "serious bodily injury," which includes impairment of a mental faculty. <u>See</u> USSG § 1B1.1, comment. (n.(1)(j)). However, we need not decide whether the enhancement for "serious bodily injury" encompasses psychological harm, because the district court decided that Pittman's sexual violence toward multiple victims took his conduct out of the heartland of robbery cases. <u>Cf.</u> USSG § 5K2.0 (departure warranted where robbery injured many victims). Here, even if the enhancement for serious bodily harm reached psychological harms, it might not account for the psychological injuries to all the victims who were sexually assaulted. Consequently, the district court did not abuse its discretion in deciding to depart.

For similar reasons, the extent of the departure was not unreasonable. As the district court explained, Pittman's offense level would have been 30 and his guideline range would have been 168-210 months had the sexual abuse been figured into his sentence calculation. But that calculation would not account for the fact that there were multiple victims of sexual abuse or for the psychological injuries to the multiple victims. Had Pittman been convicted of multiple counts of sexual abuse, each would have constituted a separate group under the multiple count rules. <u>See</u> USSG§ 3D1.2, comment. (n.5); <u>see also United States v. Big Medicine</u>, 73 F.3d 994, 997 (10th Cir. 1995) (multiple acts of criminal sexual abuse not grouped together). In addition to the victim who was raped twice, six more victims were sexually assaulted. A 5-level increase (the maximum) would have applied if Pittman had been convicted of at least four more counts of sexual abuse. The departure to offense level 34 was thus not unreasonable.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED