**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES EDWARD WALKER,

Defendant-Appellant.

No. 97-5139
(D.C. No. 96-CR-84-H)
(N.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant James Edward Walker, a former sheriff of Ottowa County, Oklahoma, was charged by a federal grand jury in a twelve-count indictment with extortion affecting interstate commerce, aiding and abetting illegal gambling operations, and obstruction of justice. After a trial presided over by the Honorable H. Dale Cook, a jury found Walker not guilty on eight counts but was unable to agree on the four remaining counts. The court declared a mistrial on the four unresolved counts and transferred the case to the Honorable Sven Erik Holmes.

After the first trial, a federal grand jury returned a superseding indictment against Walker, re-alleging the original four unresolved counts and adding three additional counts. The United States later filed an information charging Walker with a single count of aiding and abetting an illegal gambling business. In anticipation of his client's guilty plea to the information and subsequent sentencing, Walker's attorney filed a motion in the district court requesting that the case be retransferred to Judge Cook on the ground that Judge Cook had heard the evidence that constituted relevant conduct.

At the sentencing hearing, Judge Holmes asked defense counsel whether he would agree that there was no basis for the retransfer motion "if the sole basis of the sentencing today was on this Information and the plea of this individual to this Information and his allocution in support of that plea[.]" R. Vol. IV at 9.

-2-

Defense counsel agreed that, if the scope of the sentencing was in fact so limited, there would be no basis for the motion to retransfer.

In arriving at a sentence, the court enhanced the original offense level of twelve by three levels to reflect Walker's role as a manager/supervisor pursuant to § 3B1.3(b) of the United States Sentencing Guidelines (Guidelines). The resultant combination of a criminal history category of I plus an offense level of fifteen dictated a sentencing range of eighteen to twenty-four months. The district court also departed upward by two levels from the guideline range to reflect Walker's role in the disruption of government function pursuant to § 5K2.7, which yielded a sentencing range of twenty-four to thirty months. After accepting Walker's guilty plea, the district court sentenced him to twenty-four months' imprisonment and three years of supervised release. On appeal, Walker challenges only the court's enhancement for manager/supervisor status and for disruption of government function. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Ordinarily, we use a three-step analysis when reviewing the decision of a sentencing court to depart upward from the Guidelines. See United States v. Big Medicine , 73 F.3d 994, 996 (10th Cir. 1995).

> First, we examine the record de novo to determine whether the circumstances cited by the district court justify departure. Second, we assess under the clearly erroneous standard whether the record contains a factual basis to support the circumstances relied upon by

the district court. Finally, we determine whether the degree of departure was reasonable.

Id. (citations omitted). On appeal, however, Walker argues only that there were no facts upon which the court could have based its upward departures.

We review for clear error the district court's determination that Walker was a manager/supervisor of the gambling business, thus justifying an upward departure pursuant to § 3B1.3(b).    Cf. United States v. Cruz Camacho   , 137 F.3d 1220, 1223-24 (10th Cir. 1998) (holding finding of organizer/leader status under § 3B1.3(a) subject to clearly erroneous review). Thus, "we will not reverse the district court's finding[] unless [it is] without factual support in the record, or unless after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been made."    United States v. Valdez-Arieta   , 127 F.3d 1267, 1270 (10th Cir. 1997) (quotation omitted).

The information to which Walker pled guilty stated in its entirety:

From in or about March 1994 to on or about September 14, 1995, in the Northern District of Oklahoma and elsewhere, the defendant, JAMES EDWARD WALKER, acting together and aiding and abetting Michael A. O'Brien and others, knowingly, willfully, and unlawfully did conduct, finance,    manage , supervise , direct, and own, or did cause to be conducted, financed, managed, supervised, directed, and owned, all or part of an illegal gambling business, the illegal gambling business having involved willfully conducting commercial gambling by setting up for use and/or collecting the proceeds of gambling devices, in violation of Title 21, Oklahoma Statutes, Sections 982.5 and 981.3, of the laws of the State of Oklahoma, in which the illegal gambling business was conducted; and which illegal gambling business involved, during the period

-4-

states above, five or more persons who conducted, financed, managed, supervised, directed, and owned all or part thereof; and which illegal gambling business remained in substantially continuous operation for a period in excess of thirty days.

R. Vol. I, doc. 110 (emphasis added).

An information is not evidence that a charged offense has been committed. Cf. United States v. Hagedorn, 38 F.3d 520, 522 (10th Cir. 1994) (holding same regarding indictment). When a defendant voluntarily pleads guilty to the charge in an information, however, he not only admits all the material facts alleged in the charge, see United States v. Kelsey, 15 F.3d 152, 153 (10th Cir. 1994), he further admits guilt of a substantive crime, see United States v. Broce, 488 U.S. 563, 570 (1989). After pleading guilty to managing and supervising an illegal commercial gambling enterprise, Walker cannot now argue that his role was only that of a minor participant. See Martin v. United States, 364 F.2d 894, 896 (10th Cir. 1966).

Walker's second contention on appeal is that there were no facts upon which to base an upward departure for disruption of government function pursuant to § 5K2.7. Section 5K2.7 provides in pertinent part: "If the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected."

In his change of plea hearing, Walker admitted that he called Dee Baker, owner of a bar within the jurisdiction of Ottowa County, to set up a meeting between Baker and Walker's friend, Mike O'Brien, for the purpose of facilitating the placement of O'Brien's illegal gambling machines in Baker's bar. R. Vol. I, 19-20. In enhancing defendant's sentence on the basis of § 5K2.7, the district court quoted the allocution made by Walker at his change of plea hearing:

> "The Court: So basically based on your friendship, you were prepared to make a telephone call to cause somebody to break the law, knowing in making that call and seeking that they install this illegal gambling device, that you were breaking the law; right?
>
> "The Defendant: Yes, sir.
>
> "The Court: Did you consider at the time, your oath as a sheriff, law enforcement official in Ottowa County, that by virtue of your friendship with Michael O'Brien, breaking the law yourself and causing others to break the law, might be inconsistent with that oath?"
>
> "The Defendant: No, sir, I didn't consider it at the time. I didn't even think about it at the time.
>
> "The Court: You didn't think about it at the time?"
>
> "The Defendant: No, sir.
>
> "The Court: So when somebody raises breaking the law, it's not something that comes to mind, your obligation as the sheriff, is that your response"
>
> "The defendant: It just didn't cross my mind at that time, sir."

R. Vol. IV at 13.

-6-

The Guidelines allow a sentencing court to rely on uncharged conduct to support an upward departure. See Big Medicine, 73 F.3d at 997; see also United States v. Saucedo, 950 F.2d 1508, 1513 n.8 (10th Cir. 1991), overruled on other grounds by Stinson v. United States, 508 U.S. 36 (1993) (noting that conduct other than that to which a defendant has pled guilty may be considered in arriving at role adjustments pursuant to § 3B1.1). Here, while the district court indicated that it would confine the basis of sentencing to the information, the plea, and the allocution in support of that plea, see R. Vol. IV at 9, that concession did not prevent the court from considering the presentence report in arriving at a sentence. The parties were clearly aware that the presentence report was part of the record before the court. See id. at 10.

Walker does not challenge the accuracy of the facts contained in the presentence report. The court, therefore, could properly rely on the facts in the report to support a decision to depart from the Guidelines. See United States v. Flinn, 987 F.2d 1497, 1501 (10th Cir. 1993) (relying on presentence report to support a criminal history departure).

The presentence report indicates that, after O'Brien's largely unsuccessful attempts to locate his machines in local bars and clubs, other distributors of illegal gambling equipment informed their customers that "Sheriff Walker had contacted them and threatened to shut down the illegal gambling unless he was

provided with ten percent of the gambling proceeds for protection from prosecution and to circumvent the enforcement of gambling laws in Ottawa County." Presentence Investigation Report at 8. The failure to enforce the law in return for kickbacks certainly interferes with the government function of law enforcement.

The district court was further concerned with the effect on the public's perception of government as a result of Walker's conduct. It observed:

> [c]onfidence in our legal system is undermined when those who are charged with enforcing the law choose to break the law instead.
>
> If a public official's action[s] cause the people of Ottawa County, and elsewhere, to doubt the commitment to evenhanded law enforcement by the sheriff's office, then that public official has significantly disrupted a governmental function.

R. Vol. IV at 14. This public relations impact, when combined with the outright failure to enforce the gambling laws, disrupted the usual government function of law enforcement and justified the two level enhancement under § 5K2.7. See United States v. Roth, 934 F.2d 248, 248, 250 (10th Cir. 1991) (finding that threat to national security combined with effect on the morale and pride of the military because of theft of military property by Air Force security guard warranted enhancement under § 5K2.7); United States v. Gunby, 112 F.3d 1493, 1502-03 (11th Cir. 1997) (rejecting defendant's argument that "disruption" cannot mean diminished respect for the legal system); United States v. Khan, 53 F.3d 507, 518

(2d Cir. 1995) (affirming § 5K2.7 departure where fraud disrupted efficient administration of Medicaid and "undermined the public's confidence in government").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge
