**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ADALBERTO TREVIZO-ROBLES,

    Defendant-Appellant.

No. 02-2260
(New Mexico)
(D.Ct. No. CR-02-45 MCA)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Aldaberto Trevizo-Robles pled guilty to one count of distribution of methamphetamine for which he was sentenced to eighty-seven months incarceration followed by five years supervised release. Trevizo-Robles appeals the five years supervision portion of the sentence. We exercise jurisdiction under 28 U.S.C. § 1291 to consider whether we may review this sentence. Because we lack jurisdiction for sentence review, we dismiss the appeal.

On April 23, 2002, Trevizo-Robles pled guilty to one count of Distribution of More than 500 Grams of a Mixture Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The minimum penalty for this offense is no less than ten years imprisonment followed by no less than five years supervised release. *Id.* Prior to sentencing, the United States Probation Office prepared a presentence report and addendum to the report. The addendum recommended Trevizo-Robles be sentenced pursuant to 18 U.S.C. § 3553(f), referred to as the "safety-valve" provision for a drug offender with a minimal criminal history. This provision directs a district court to "impose a sentence pursuant to [United States Sentencing Guidelines] . . . under section 994 of Title 28 without regard to any statutory minimum . . . ." *Id.* Thus, as it relates to post-incarceration supervision, the district court would not be required to impose the statutory minimum of five years of supervised release. 21 U.S.C. § 841(b)(1)(A).

Instead, the appropriate sentence under the safety-valve provision would be no less than three, and no more than five, years supervision. USSG § 5D1.2(a)(1).

At the sentencing hearing, the district court applied the safety-valve provision and suggested eighty-seven months imprisonment followed by three years supervised release was an appropriate sentence. When asked if he agreed, the prosecutor responded, "[t]he only thing I would suggest to the Court is I believe the term of supervised release should be five years, Your Honor. It's an A number. It's ten to life." The district judge replied, "All right. Let me – give me one second here. The term of the supervised release will be five years." The district court finalized the sentence as amended without objection.

The Government contends we lack jurisdiction to review the district court judge's sentencing decision. We have an independent duty to examine our own jurisdiction prior to consideration of the merits. *Lopez v. Behles*, 14 F.3d 1497, 1499 (10th Cir.), *cert. denied,* 513 U.S. 818, *reh'g denied,* 513 U.S. 1033 (1994); *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000). The jurisdiction for review of a criminal sentence is governed by 18 U.S.C. § 3742. Under that section, "a sentence within the Guidelines may not be appealed unless imposed in violation of law, or as a result of an incorrect application of the Guidelines." *United States v. Garcia*, 919 F.2d 1478, 1479 (10th Cir. 1990).[1] "Absent 'facial

---

[1] 18 U.S.C. § 3742(a)(1)-(4) permits a defendant to appeal his sentence only "if the sentence: (1) was imposed in violation of law; (2) was imposed as a result

-3-

illegality, improper calculations, or clearly erroneous findings,' we may not review the district court's decision to impose a sentence at a *particular point* within the proper sentencing range." *United States v. Neary*, 183 F.3d 1196, 1198 (10th Cir. 1999) (citation and quotation omitted). *See United States v. Big Medicine*, 73 F.3d 994, 998 (10th Cir. 1995).

If the district court's sentencing decision rested on a mistaken belief that it lacked legal power to exercise sentencing discretion, the sentence is imposed in violation of the law. *United States v. Ruiz*, 536 U.S. 622, 627 (2002). Trevizo-Robles alleges the district court judge's "sudden and unexplained switch" from three to five years supervision was such a mistake. (Appellant Br. at 8). His allegation is based on two theories.

First, he asserts the district judge must have misunderstood the prosecutor's comment about supervised release and assumed five years was the legal minimum. He bolsters his assertion by noting the district judge's initial comments regarding the minimal incarceration period and the minimal supervised release period. Trevizo-Robles then surmises that had the prosecutor truly been making a suggestion to the district court judge, he would have recommended an increased

---

of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

sentence as well as an increased supervised release period. He credits the prosecutor too much, and the district court judge too little.

In his second attempt to show mistake, Trevizo-Robles points to an error in the presentence report. The report incorrectly stated the appropriate range for supervised release as three years to life, rather than three years to five years. He argues the judge intended to impose a minimum sentence in this case, and probably was misled by this error into believing the five year term was comparably low in the permissible range of sentences. He offers nothing to support this convenient supposition.

Speculation will not remove the jurisdictional bar to Trevizo-Robles' claims. He fails to identify any evidence in the record indicating that the district judge was misled by the error in the presentence report. The prosecutor's statements that the crime was "an A felony" and the initial incarceration term was "ten to life" are true statements. The range for supervised release under the safety-valve provision is three to five years. The district judge explicitly noted the correct minimum in her initial suggestion and later imposed a permissible term within the Guideline range.

Indeed, there is no evidence in the record that the district judge deviated from the proper exercise of her discretion in any way. Even were there some ambiguity in the record, "we presume the court was aware of its authority." *United*

*States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). Absent specific evidence to the contrary, we presume the district court knows the requirements of the laws it applies. *United States v. Heredia-Cruz*, 328 F.3d 1283, 1290 (10th Cir. 2003).

There is no dispute that the term of supervised release imposed by the district court is within the range specified in the Guidelines and no evidence to suggest the district judge misunderstood the law. Thus, there is no jurisdictional basis for review and accordingly, we **DISMISS** the appeal.

**Entered by the Court:**


**TERRENCE L. O'BRIEN**
United States Circuit Judge