# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2462

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DANIEL VON LOH,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 CR 1092—**Ruben Castillo**, *Judge.*

———————

ARGUED FEBRUARY 9, 2005—DECIDED AUGUST 2, 2005

———————

Before BAUER, EASTERBROOK, and ROVNER, *Circuit
Judges.*

BAUER, *Circuit Judge.* Defendant-Appellant Daniel
Von Loh pleaded guilty to one count of engaging in sexual
acts with a 14-year-old girl in violation of 18 U.S.C.
§ 2423(b). He also stipulated to having engaged in sexual
acts on two other occasions with that same girl. The district
court sentenced him to 198 months' imprisonment. He
appeals his sentence. We affirm.

## I. Background

While living in Madison, Wisconsin, Von Loh subscribed to Internet Service Providers ("ISP"), which offers computer-related communication services. ISP subscribers can communicate with other ISP subscribers through e-mail and instant messaging. Typically, a user assigns himself a screen name, by which he identifies himself to other users of the service. Von Loh created several private accounts with ISP and used the screen names "Dan_the_man_4u," "Curious_about_u," "Music_lover_1980," "Ericluvsu," and "Baseballstarr69." For several months in 2003, Von Loh communicated on the internet with a 14-year-old girl. He was aware of her actual age during most of this time. Von Loh used multiple screen names when he chatted with her, though he did not inform her of that.

In August 2003, Von Loh persuaded the girl to meet him. She agreed, and he drove from Madison to pick her up near her home in Schaumburg, Illinois. They traveled to a nearby motel, where the two engaged in oral sex. Afterwards, Von Loh dropped her off near her home and returned to Madison. They did the same thing again in September 2003.

On November 13, 2003, Von Loh asked the girl to meet him yet another time, and she agreed. On November 14, 2003, he drove from Madison to Schaumburg, picked her up, and they checked into a motel. At the motel, Von Loh engaged in oral sex with the girl at least twice and vaginal intercourse once. On November 15, 2003, they returned to the motel and had vaginal intercourse twice. Later that evening, the girl phoned her parents, who were concerned about her safety and had contacted the police. She asked Von Loh to drop her off a few blocks from home, which he did before returning to Madison.

On December 18, 2003, the grand jury returned a three-count indictment against Von Loh. He pleaded guilty to a single count of traveling on November 14, 2003, in inter-

state commerce with the intent of engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b). He also stipulated to the August and September 2003 encounters, as well as to an enhancement for having engaged in a pattern of prohibited sexual conduct, pursuant to § 4B1.5(b)(1) of the United States Sentencing Guidelines. The plea agreement reflected a disagreement between the parties on the issue of whether the stipulated offenses should be grouped together with the offense of conviction, pursuant to U.S.S.G. § 3D1.2. The district court decided not to group the offenses. As a result, the applicable sentencing range was 168 to 210 months, and the district court sentenced Von Loh to 198 months' imprisonment. Had the offenses been grouped, the sentencing range would have been 121 to 151 months.

## II. Discussion

The sole issue on this appeal is whether the sentencing court erred in treating the offense of conviction and stipulated offenses as separate harms.[1] Von Loh argues that his stipulated conduct should have been grouped with his charged conduct pursuant to U.S.S.G. § 3D1.2(b), because it occurred in the context of an ongoing relationship and thus involved substantially the same harm. He also argues in the alternative that the episodes should have been grouped under U.S.S.G. § 3D1.2(c) to avoid "double counting" of his conduct. We review the district court's interpretation and application of the Guidelines *de novo*. *See United States v. Purifoy*, 326 F.3d 879, 880 (7th Cir. 2003).

Section 3D1.2 of the Guidelines advises that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2. Separate

---

[1]  At oral argument, Von Loh withdrew his claim that his sentence was in violation of *United States v. Booker*, 125 S.Ct. 738 (2005).

counts involve substantially the same harm when they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(b). The conduct at issue involved a single victim, but there is a question as to whether it involved substantially the same harm. The application notes pertaining to this subsection include a hypothetical that offers some guidance. The hypothetical ("Example 5") states that when "[t]he defendant is convicted of two counts of raping the same person on different days . . . [t]he counts <u>are</u> <u>not</u> to be grouped together." U.S.S.G. § 3D1.2, cmt. n. 4, ex. 5.

Courts interpreting the Guidelines must "begin with the text of the provision and the plain meaning of the words in the text." *United States v. Garcia-Lopez*, 375 F.3d 586, 587 (7th Cir. 2004). In addition to the actual language of the Guidelines, application notes are considered "part of the Guidelines themselves, and not mere commentary on them." *United States v. Tomassino*, 206 F.3d 739, 741 (7th Cir. 2000) (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993)). The district court's decision to treat Van Loh's acts of sexual misconduct as separate harms was consonant with both the plain language of § 3D1.2(b) and Example 5. Although this is an issue of first impression in this circuit, the district court's decision was consistent with the circuit courts that have addressed this and closely related issues. *United States v. Big Medicine*, 73 F.3d 994, 997 (10th Cir. 1995) (finding that defendant's 75 instances of sexual contacts with the same minor should not be grouped). *See also United States v. Vasquez*, 389 F.3d 65, 76-77 (2d Cir. 2004) (holding that multiple instances of non-forcible, sexual misconduct with the same victim on different occasions are not subject to grouping); *United States v. Griswold*, 57 F.3d 291, 296 (3d Cir. 1995) (noting that multiple counts of rape involving the same victim are not to be grouped together under the Guidelines). Von Loh cites many cases for the

proposition that his conduct inflicted only one composite harm, but they are easily distinguished. Many do not even deal with charges of sexual misconduct. Those that do either involve multiple acts of uninterrupted sexual misconduct or the grouping of lesser-included offenses; neither situation is pertinent here.

Von Loh further contends that the district court's reliance on Example 5 was misplaced because the example's use of the term "rape" covers only forcible assaults, not statutory rape. He claims that a close reading of case law and the Guidelines themselves reveals distinctions between the two types of rape that make Example 5 irrelevant to statutory rape cases. We are unpersuaded. Section 3D1.2 of the Guidelines includes cross-references to provisions for both aggravated sexual abuse (§ 2A3.1) and statutory rape (§ 2A3.2). *See* U.S.S.G. § 3D1.2. This indicates that the Sentencing Commission knew when it drafted Example 5 that the Guidelines recognized multiple forms of rape. It is reasonable to infer from these cross-references that the Sentencing Commission used the more expansive term "rape" to cover various forms of the crime. That the Guidelines distinguish between forcible and statutory rape in other provisions further supports the inference that the Sentencing Commission's use of more inclusive terminology in Example 5 was intentional. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B) (defining "crime of violence" to include both forcible sex offenses and statutory rape); U.S.S.G. § 4B1.2, cmt. n. 1 (defining "crime of violence" to include forcible sex offenses only).

The case law that Von Loh references does not help him. He cites to two unpublished state court decisions that are irrelevant. The first, *State v. English*, 2002 WL 31455610 (R.I.Super 2002), simply holds that a defendant does not qualify as an aggravated offender under state law unless there are multiple victims; the second, *State v. Sims*, 2002 WL 31310787 (Iowa App. 2002), which involves a 17-year-

old victim, does not deal with issues pertinent to statutory rape. He also cites a concurring opinion in a Ninth Circuit decision, *United States v. Sneezer*, 983 F.2d 920 (9th Cir. 1992), for the proposition that Example 5 envisions circumstances under which multiple rapes would be grouped. *See id.* at 926 (O'Scannlain, J., concurring). Be that as it may, this is not one of those cases. The approach taken by the district court here is supported by a Tenth Circuit decision, *United States v. Big Medicine*, 73 F.3d 994 (10th Cir. 1995), which ruled persuasively that 75 instances of statutory rape involving the same victim should not be grouped. *Id.* at 997. The Tenth Circuit specifically relied upon Example 5 in reaching its conclusion. *Id.* Moreover, this was not a situation like the one in *Sneezer* where several rapes occurred without interruption; rather, each of the three episodes was separated by a month.

Von Loh also argues that common sense dictates treating multiple incidents of statutory rape as a single harm when they occur in the context of a consensual relationship. We disagree. Von Loh may consider it an abstraction, but the law deems minors incapable of consent. Therefore, we decline to accept Von Loh's position and hold that the district court's decision to treat his multiple offenses as separate harms under § 3D1.2(b) was appropriate.

And as a last alternative, Von Loh contends that the district court erred by not grouping his stipulated offenses with his offense of conviction pursuant to U.S.S.G. § 3D1.2(c). This decision, he maintains, led the district court to double count his conduct when it calculated his sentence. He claims that the double counting occurred when the district court imposed a three-point combined offense level enhancement, pursuant to U.S.S.G. § 3D1.4, on top of a five-point enhancement for his having engaged in a pattern of prohibited sexual conduct, pursuant to U.S.S.G. § 4B1.5(b)(1). He stipulated to the § 4B1.5(b)(1) enhance-

ment, but argues that the court should have avoided the § 3D1.4 enhancement by grouping his offenses pursuant to § 3D1.2(c).

Von Loh's claim is based upon a misreading of §§ 3D1.2(c) and 4B1.5(b)(1). Section 3D1.2(c) provides that counts should be grouped when they involve substantially the same harm and when "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c). The application note to this subsection clarifies the point with an example. It states, "[W]hen conduct that represents a separate count, e.g., bodily injury or obstruction of justice, is also a specific offense characteristic in or other adjustment to another count, the count represented by that conduct is to be grouped with the count to which it constitutes an aggravating factor." U.S.S.G. § 3D1.2, cmt. n. 5. Von Loh committed multiple acts of statutory rape. Repetition of the conduct, however, is not a specific offense characteristic for those counts. Therefore, § 3D1.2(c) is not implicated.

Furthermore, the enhancement that the district court imposed pursuant to § 4B1.5(b)(1) for Von Loh's having engaged in a pattern of prohibited sexual conduct was irrelevant to the decision to treat his offenses as separate harms. This is because the process for determining a base offense level under Chapters Two and Three of the Guidelines is unrelated to the process for calculating an enhancement under Chapter Four. Section 4B1.5(b)(1) states:

### § 4B1.5 Repeat and Dangerous Sex Offender Against Minors

(b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

> (1) The offense level shall be 5 *plus* the offense level determined under Chapters Two and Three.

U.S.S.G. § 4B1.5(b)(1) (emphasis added). The word "plus" indicates that the Sentencing Commission intended that the repeat sex offender enhancement be imposed in addition to calculations made pursuant to §§ 2A3.2 and 3D1.4. Therefore, the district court did not err in deciding not to group his conduct pursuant to § 3D1.2(c).

## III. Conclusion

For the reasons stated above, we AFFIRM the district court's sentence.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*