**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel VON LOH, Defendant–Appellant.**

No. 04–2462.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 9, 2005.

Decided Aug. 2, 2005.

Christopher P. Hotaling (argued), Office of the U.S. Attorney, Chicago, IL, for Plaintiff–Appellee.

Brendan Shiller (argued), Chicago, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

Defendant–Appellant Daniel Von Loh pleaded guilty to one count of engaging in sexual acts with a 14–year–old girl in violation of 18 U.S.C. § 2423(b). He also stipulated to having engaged in sexual acts on two other occasions with that same girl. The district court sentenced him to 198 months' imprisonment. He appeals his sentence. We affirm.

## I. Background

While living in Madison, Wisconsin, Von Loh subscribed to Internet Service Providers ("ISP"), which offers computer-related communication services. ISP subscribers can communicate with other ISP subscribers through e-mail and instant messaging. Typically, a user assigns himself a screen name, by which he identifies himself to other users of the service. Von Loh created several private accounts with ISP and used the screen names

"Dan_the_man_4u,"    "Curious_about_u,"
"Music_lover_1980," "Ericluvsu," and "Ba-
seballstarr69."  For several months in
2003, Von Loh communicated on the inter-
net with a 14–year–old girl.  He was
aware of her actual age during most of this
time.  Von Loh used multiple screen
names when he chatted with her, though
he did not inform her of that.

In August 2003, Von Loh persuaded the
girl to meet him.  She agreed, and he
drove from Madison to pick her up near
her home in Schaumburg, Illinois.  They
traveled to a nearby motel, where the two
engaged in oral sex.  Afterwards, Von Loh
dropped her off near her home and re-
turned to Madison.  They did the same
thing again in September 2003.

On November 13, 2003, Von Loh asked
the girl to meet him yet another time, and
she agreed.  On November 14, 2003, he
drove from Madison to Schaumburg,
picked her up, and they checked into a
motel.  At the motel, Von Loh engaged in
oral sex with the girl at least twice and
vaginal intercourse once.  On November
15, 2003, they returned to the motel and
had vaginal intercourse twice.  Later that
evening, the girl phoned her parents, who
were concerned about her safety and had
contacted the police.  She asked Von Loh
to drop her off a few blocks from home,
which he did before returning to Madison.

On December 18, 2003, the grand jury
returned a three-count indictment against
Von Loh. He pleaded guilty to a single
count of traveling on November 14, 2003,
in interstate commerce with the intent of
engaging in illicit sexual conduct with a
minor in violation of 18 U.S.C. § 2423(b).
He also stipulated to the August and Sep-
tember 2003 encounters, as well as to an
enhancement for having engaged in a pat-
tern of prohibited sexual conduct, pursuant

to § 4B1.5(b)(1) of the United States Sen-
tencing Guidelines.  The plea agreement
reflected a disagreement between the par-
ties on the issue of whether the stipulated
offenses should be grouped together with
the offense of conviction, pursuant to
U.S.S.G. § 3D1.2. The district court decid-
ed not to group the offenses.  As a result,
the applicable sentencing range was 168 to
210 months, and the district court sen-
tenced Von Loh to 198 months' imprison-
ment.  Had the offenses been grouped, the
sentencing range would have been 121 to
151 months.

## II.  Discussion

■ The sole issue on this appeal is
whether the sentencing court erred in
treating the offense of conviction and stip-
ulated offenses as separate harms.[1]  Von
Loh argues that his stipulated conduct
should have been grouped with his
charged conduct pursuant to U.S.S.G.
§ 3D1.2(b), because it occurred in the con-
text of an ongoing relationship and thus
involved substantially the same harm.  He
also argues in the alternative that the epi-
sodes should have been grouped under
U.S.S.G.  § 3D1.2(c)  to  avoid  "double
counting" of his conduct.  We review the
district court's interpretation and applica-
tion of the Guidelines *de novo.  See United
States v. Purifoy,* 326 F.3d 879, 880 (7th
Cir.2003).

Section 3D1.2 of the Guidelines advises
that "[a]ll counts involving substantially
the same harm shall be grouped together
into a single Group."  U.S.S.G. § 3D1.2.
Separate counts involve substantially the
same harm when they "involve the same
victim and two or more acts or transac-
tions connected by a common criminal ob-
jective or constituting part of a common

---

**1.**  At oral argument, Von Loh withdrew his
claim that his sentence was in violation of

*United States v. Booker,* —— U.S. ——, 125
S.Ct. 738, 160 L.Ed.2d 621 (2005).

scheme or plan." U.S.S.G. § 3D1.2(b). The conduct at issue involved a single victim, but there is a question as to whether it involved substantially the same harm. The application notes pertaining to this subsection include a hypothetical that offers some guidance. The hypothetical ("Example 5") states that when "[t]he defendant is convicted of two counts of raping the same person on different days . . . [t]he counts *are not* to be grouped together." U.S.S.G. § 3D1.2, cmt. n. 4, ex. 5.

■ Courts interpreting the Guidelines must "begin with the text of the provision and the plain meaning of the words in the text." *United States v. Garcia–Lopez,* 375 F.3d 586, 587 (7th Cir.2004). In addition to the actual language of the Guidelines, application notes are considered "part of the Guidelines themselves, and not mere commentary on them." *United States v. Tomasino,* 206 F.3d 739, 741 (7th Cir.2000) (citing *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)). The district court's decision to treat Van Loh's acts of sexual misconduct as separate harms was consonant with both the plain language of § 3D1.2(b) and Example 5. Although this is an issue of first impression in this circuit, the district court's decision was consistent with the circuit courts that have addressed this and closely related issues. *United States v. Big Medicine,* 73 F.3d 994, 997 (10th Cir. 1995) (finding that defendant's 75 instances of sexual contacts with the same minor should not be grouped). *See also United States v. Vasquez,* 389 F.3d 65, 76–77 (2d Cir.2004) (holding that multiple instances of non-forcible, sexual misconduct with the same victim on different occasions are not subject to grouping); *United States v. Griswold,* 57 F.3d 291, 296 (3d Cir.1995) (noting that multiple counts of rape involving the same victim are not to be grouped together under the Guidelines). Von Loh cites many cases for the proposition that his conduct inflicted only one composite harm, but they are easily distinguished. Many do not even deal with charges of sexual misconduct. Those that do either involve multiple acts of uninterrupted sexual misconduct or the grouping of lesser-included offenses; neither situation is pertinent here.

Von Loh further contends that the district court's reliance on Example 5 was misplaced because the example's use of the term "rape" covers only forcible assaults, not statutory rape. He claims that a close reading of case law and the Guidelines themselves reveals distinctions between the two types of rape that make Example 5 irrelevant to statutory rape cases. We are unpersuaded. Section 3D1.2 of the Guidelines includes cross-references to provisions for both aggravated sexual abuse (§ 2A3.1) and statutory rape (§ 2A3.2). *See* U.S.S.G. § 3D1.2. This indicates that the Sentencing Commission knew when it drafted Example 5 that the Guidelines recognized multiple forms of rape. It is reasonable to infer from these cross-references that the Sentencing Commission used the more expansive term "rape" to cover various forms of the crime. That the Guidelines distinguish between forcible and statutory rape in other provisions further supports the inference that the Sentencing Commission's use of more inclusive terminology in Example 5 was intentional. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B) (defining "crime of violence" to include both forcible sex offenses and statutory rape); U.S.S.G. § 4B1.2, cmt. n. 1 (defining "crime of violence" to include forcible sex offenses only).

The case law that Von Loh references does not help him. He cites to two unpublished state court decisions that are irrelevant. The first, *State v. English,* 2002 WL 31455610 (R.I.Super.2002), simply holds

that a defendant does not qualify as an aggravated offender under state law unless there are multiple victims; the second, *State v. Sims*, 2002 WL 31310787 (Iowa App.2002), which involves a 17–year–old victim, does not deal with issues pertinent to statutory rape. He also cites a concurring opinion in a Ninth Circuit decision, *United States v. Sneezer*, 983 F.2d 920 (9th Cir.1992), for the proposition that Example 5 envisions circumstances under which multiple rapes would be grouped. *See id.* at 926 (O'Scannlain, J., concurring). Be that as it may, this is not one of those cases. The approach taken by the district court here is supported by a Tenth Circuit decision, *United States v. Big Medicine*, 73 F.3d 994 (10th Cir.1995), which ruled persuasively that 75 instances of statutory rape involving the same victim should not be grouped. *Id.* at 997. The Tenth Circuit specifically relied upon Example 5 in reaching its conclusion. *Id.* Moreover, this was not a situation like the one in *Sneezer* where several rapes occurred without interruption; rather, each of the three episodes was separated by a month.

Von Loh also argues that common sense dictates treating multiple incidents of statutory rape as a single harm when they occur in the context of a consensual relationship. We disagree. Von Loh may consider it an abstraction, but the law deems minors incapable of consent. Therefore, we decline to accept Von Loh's position and hold that the district court's decision to treat his multiple offenses as separate harms under § 3D1.2(b) was appropriate.

■ And as a last alternative, Von Loh contends that the district court erred by not grouping his stipulated offenses with his offense of conviction pursuant to U.S.S.G. § 3D1.2(c). This decision, he maintains, led the district court to double count his conduct when it calculated his sentence. He claims that the double counting occurred when the district court imposed a three-point combined offense level enhancement, pursuant to U.S.S.G. § 3D1.4, on top of a five-point enhancement for his having engaged in a pattern of prohibited sexual conduct, pursuant to U.S.S.G. § 4B1.5(b)(1). He stipulated to the § 4B1.5(b)(1) enhancement, but argues that the court should have avoided the § 3D1.4 enhancement by grouping his offenses pursuant to § 3D1.2(c).

Von Loh's claim is based upon a misreading of §§ 3D1.2(c) and 4B1.5(b)(1). Section 3D1.2(c) provides that counts should be grouped when they involve substantially the same harm and when "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c). The application note to this subsection clarifies the point with an example. It states, "[W]hen conduct that represents a separate count, e.g., bodily injury or obstruction of justice, is also a specific offense characteristic in or other adjustment to another count, the count represented by that conduct is to be grouped with the count to which it constitutes an aggravating factor." U.S.S.G. § 3D1.2, cmt. n. 5. Von Loh committed multiple acts of statutory rape. Repetition of the conduct, however, is not a specific offense characteristic for those counts. Therefore, § 3D1.2(c) is not implicated.

Furthermore, the enhancement that the district court imposed pursuant to § 4B1.5(b)(1) for Von Loh's having engaged in a pattern of prohibited sexual conduct was irrelevant to the decision to treat his offenses as separate harms. This is because the process for determining a base offense level under Chapters Two and Three of the Guidelines is unrelated to the process for calculating an enhancement un-

der Chapter Four. Section 4B1.5(b)(1) states:

§ 4B1.5 **Repeat and Dangerous Sex Offender Against Minors**

(b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1) The offense level shall be 5 *plus* the offense level determined under Chapters Two and Three.

U.S.S.G. § 4B1.5(b)(1) (emphasis added). The word "plus" indicates that the Sentencing Commission intended that the repeat sex offender enhancement be imposed in addition to calculations made pursuant to §§ 2A3.2 and 3D1.4. Therefore, the district court did not err in deciding not to group his conduct pursuant to § 3D1.2(c).

### III.   Conclusion

For the reasons stated above, we AFFIRM the district court's sentence.