NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011
Decided May 5, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3431

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:10-40028-001 |
| GORDON L. CRAIG, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Gordon Craig used babysitting gigs, family relationships, and friendships with parents to gain access to young children, whom he molested, performed oral sex on, and photographed before trading the images online. After he was caught and indicted, he pleaded guilty to four counts of sexually exploiting children. *See* 18 U.S.C. § 2251(a). The district court sentenced him to the 30-year statutory maximum on each count under § 2251(e), to be served concurrently, followed by a lifetime of supervised release; absent the statutory maximum, his guideline sentence would have been life imprisonment on each count, given his adjusted offense level of 43 and criminal history category of I. Craig filed a

notice of appeal, but his appointed counsel considers the appeal frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Craig has responded under Circuit Rule 51(b). We confine our review to the issues raised in counsel's facially adequate brief and Craig's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Craig has not said he wants to challenge the pleas, counsel rightly forgoes discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first examines whether Craig could argue that the district court plainly erred in its guidelines calculations by including as relevant conduct his exploitive acts towards six children, four of whom were not named in the indictment. But counsel rightly concludes that counting these acts was not plain error because they all took place during the same time frame and as part of the same scheme, *see* U.S.S.G. § 1B1.3(a)(1)(A), and because the guidelines expressly contemplate that uncharged instances of child exploitation will be counted, *see id.* § 2G2.1 cmt. n.5; *see also United States v. Ahders*, 622 F.3d 115, 120 (2d Cir. 2010).

Counsel also asks whether Craig could challenge the district court's decision to apply multiple-count enhancements under U.S.S.G. § 3D1.4, rather than grouping some or all of the exploitive acts under § 3D1.2. But as counsel recognizes, both charged and uncharged "counts" of child sexual exploitation must be treated as separate counts of conviction, and may not be grouped. *See* U.S.S.G. §§ 2G2.1(d)(1), 2G2.1 cmt. n.5, 3D1.2(d), 3D1.4; *United States v. Von Loh*, 417 F.3d 710, 713 (7th Cir. 2005); *United States v. Schmeilski*, 408 F.3d 917, 919-20 (7th Cir. 2005).

Counsel then considers whether Craig could argue that the district court engaged in impermissible double-counting by applying a 5-level enhancement under U.S.S.G § 4B1.5(b)(1)—for exploiting some of the victims more than once—on top of the 5-level multiple count adjustment under U.S.S.G. §§ 2G2.1(d)(1) and 3D1.4. But § 4B1.5(b)(1) requires the adjusted offense level for repeat sex offenders to be "5 *plus* the offense level determined in Chapters Two and Three" (emphasis added); the word "plus" reflects the Commission's intent that repeat offenders receive a 5-level enhancement "in addition to" any calculations in Chapters Two and Three. *Von Loh*, 417 F.3d at 715.

Finally, counsel evaluates whether Craig could challenge the overall reasonableness of his sentence. But the district court considered Craig's arguments in favor of a lighter sentence (including his contention that the child-exploitation guidelines are generally too strict), as it was required to do. *See United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). The court then explained its

selection of a guideline sentence by stressing the nature and circumstances of the offense—Craig's repeated exploitation of children, abuse of adults' trust, trading of child pornography, impersonation of one of the victims on a social networking website, payments of hush money, and failure to stop exploiting children after one mother confronted him—as well as the need to deter him and others from committing similar crimes in the future. *See* 18 U.S.C.§ 3553(a); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 728 (7th Cir. 2008). The sentence falls within the properly calculated guidelines range, and counsel offers nothing to rebut our usual presumption that a within-guidelines sentence is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mantanes*, 632 F.3d 372, 377 (7th Cir. 2011).

Craig counters in his 51(b) response that a lighter sentence would allow him and his family to heal, and that the district judge has a reputation for imposing heavy sentences. Yet these undeveloped assertions cast no doubt on the reasonableness of the sentence or the sufficiency of the judge's explanation.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Craig's appeal.