**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARIO WEICKS,<br><br>Defendant - Appellant. | No. 10-10608<br><br>D.C. No. 2:05-cr-00040-KJD-RJJ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 20, 2012[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Mario Weicks appeals the sentence imposed by the district court. We

affirm. Because the parties are familiar with the history of this case, we need not

recount it here.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

I

The district court did not err by separating the four counts of sexual misconduct, arising from Appellant's two trips to Las Vegas with the victim, into two groups for sentencing purposes. Counts can involve substantially the same harm when they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(b). The commentary to § 3D1.2(b) states that multiple counts may form "a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim . . . even if they constitute legally distinct offenses occurring at different times." U.S.S.G. § 3D1.2 cmt. n.4. In this case, the two trips did not necessarily have "a common criminal objective" or involve a single "composite harm" to the victim. U.S.S.G. § 3D1.2(b).

Although both trips resulted in sexual abuse of the same victim, the trips took place eight days apart and therefore may reasonably be viewed as separate episodes of criminal conduct. *See* U.S.S.G. § 3D1.2 cmt. n.4, ex. 5. ("The defendant is convicted of two counts of rape for raping the same person on different days. The counts <u>are not</u> grouped together."); *see also United States v. Sneezer*, 983 F.2d 920, 925 (9th Cir. 1992) (per curium) (holding that sexual

-2-

assaults of the same victim "separated by only a few minutes" must be grouped, but suggesting that the same offenses committed against a single victim held in captivity over a period of days would not be grouped).

Weicks also argues that the district court erred by failing to group his felon-in-possession count with his four sexual misconduct counts. However, he waived this argument before the district court and is therefore precluded from raising it before this court. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

## II

The district court did not abuse its discretion by refusing to continue Appellant's resentencing proceedings to allow him to obtain a psychological evaluation and compile an updated presentence report. Denial of a requested continuance constitutes an abuse of discretion "only if denial of the continuance was arbitrary or unreasonable." *United States v. Wills*, 88 F.3d 704, 711 (9th Cir. 1996) (internal quotation marks omitted). The district court judge considered Weicks's request for a continuance to gather a psychological evaluation and updated presentence report, but determined, after hearing testimony from Weicks as to his psychological condition, that there was enough information in the record to proceed with sentencing. Weicks did not provide the district court with any

substantial information suggesting a need for the psychological evaluation or a revised presentence report. *United States v. Bos*, 917 F.2d 1178, 1183 (9th Cir. 1990). Given the circumstances, the district court's decision was not arbitrary or unreasonable.

III

The district court's sentencing was not substantively unreasonable. The district court's sentencing decision in this case reflects "an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Weicks has neither provided any evidence that the district court ignored the sentencing factors set forth in 18 U.S.C. § 3553(a) nor suggested any other reason why the sentence is substantively unreasonable.

**AFFIRMED.**