NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2015
Decided June 2, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-2826

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 246 |
| CARL B. SMITH, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Carl Smith recruited into prostitution four young women, two of them only 17 and the others 18 and 21. He was charged with one count of transporting a minor in interstate commerce for the purpose of sex trafficking, 18 U.S.C. § 2423(a), two counts of sex trafficking of a minor, *id.* § 1591(a), (b)(2), and two counts of sex trafficking by force, *id.* § 1591(a). He pleaded guilty to the § 2423(a) count and admitted driving one of the 17-year-olds from Wisconsin to Illinois with the intent that she engage in prostitution. Smith also stipulated to having committed the sex-trafficking offenses against the other victims. The district court calculated a guidelines sentence of life imprisonment and imposed a below-guidelines term of 30 years plus 5 years of supervised release with 13 standard and 8 special conditions.

Smith has filed a notice of appeal. His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Smith opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects the lawyer discusses, plus the additional issues that Smith presents in opposition. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In his Rule 51(b) response, Smith says he would argue that the district court erred by denying his motion to withdraw his guilty plea. In that motion Smith asserted that before pleading guilty he did not have enough time to discuss the evidence or proposed plea with his lawyer, and that he pleaded guilty only because he felt pressured to do so. Appellate counsel discusses this motion in her *Anders* submission, and we agree with her conclusion that contesting the court's ruling would be frivolous.

The district court first had concluded that Smith was given ample time to discuss the proposed guilty plea with his attorney. Indeed, the change-of-plea hearing was continued once so that the parties could address concerns first raised during that hearing about the written plea agreement, and then a second time to allow Smith to discuss the resulting changes with his lawyer. And when the judge asked Smith if he had enough time to consult counsel about those revisions, he confirmed that he had. The district court also concluded that Smith's testimony at his plea colloquy contradicted his assertion that he was pressured into pleading guilty. During the colloquy, which substantially complied with Federal Rule of Criminal Procedure 11, the judge had asked if anyone threatened or forced Smith to plead guilty, or if any promises were made (aside from those in the plea agreement) causing him to plead guilty. He said no, and it was not an abuse of discretion for the district court to hold Smith to his word. *See United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012) (noting defendant's heavy burden to overcome presumption that sworn statements made during plea colloquy are truthful); *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (explaining that defendant's sworn testimony made during plea colloquy typically is binding). For similar reasons Smith's contention that dyslexia—first mentioned in his Rule 51(b) submission—kept him from understanding the plea proceedings is frivolous. The judge asked Smith whether he had read the plea agreement, discussed it with his attorney, had all of his questions answered, and understood all of its terms; Smith again said yes.

Concerning his prison term, Smith argues in his Rule 51(b) response that his total offense level was overstated because, he insists, the district court erroneously added five levels for engaging in a pattern of activity involving prohibited sexual conduct. *See* U.S.S.G. § 4B1.5(b). That increase, Smith contends, resulted in double counting in conjunction with the application of U.S.S.G. § 2G1.3(d)(1) (which raised Smith's offense level because his stipulation to committing the crimes charged in the four counts dismissed as part of the plea agreement resulted in a multiple-count upward adjustment), or, alternatively, because the 5-level increase overstates the seriousness of the offense conduct. The double-counting argument, though, is foreclosed by *United States v. Von Loh*, 417 F.3d 710, 714–15 (7th Cir. 2005). Smith's other theory is not a challenge to the application of § 4B1.5(b) but an appeal to the sentencing judge's discretion under *United States v. Booker*, 543 U.S. 220 (2005). *See Gall v. United States*, 552 U.S. 38, 49–50 (2007); *United States v. Shamah*, 624 F.3d 449, 457 (7th Cir. 2010); *United States v. Nelson*, 491 F.3d 344, 347 (7th Cir. 2007).

Counsel then questions whether Smith could challenge the reasonableness of his prison sentence, and we agree with her that such a challenge would be frivolous. Smith's 30-year sentence is below his guidelines sentence of life. And counsel has not identified a reason to disregard the presumption that a below-guidelines sentence is reasonable. *See United States v. Pollock*, 757 F.3d 582, 590 (7th Cir. 2014); *United States v. Banas*, 712 F.3d 1006, 1012 (7th Cir. 2013).

Apart from the term of imprisonment, counsel and Smith also consider contesting the amount of restitution awarded to the victims of Smith's sex-trafficking offenses. In his plea agreement Smith agreed to pay restitution to the victim of the count of conviction as well as to the three victims of the charged counts that were dismissed in exchange for his guilty plea. Smith would argue that the amount of restitution imposed is excessive because he and the victims did not keep records of money received from prostitution and thus, Smith asserts, there was "no way" for the district court to determine the portion he kept. Appellate counsel represents, and we agree, that Smith's proposed argument is frivolous. The government had requested a total of $318,750 based on the victims' charging rates—as documented in their Internet advertisements—and their estimates of the number of clients they saw each day and the length of time they worked for Smith. The district court credited the victims but reduced the government's request by 25% to $239,063 to account for the possibility that the young women had overestimated because of the "circumstances that this conduct occurred under" (defense counsel had emphasized their alcohol and drug use and lack of record keeping), as well as the passage of time. When a precise calculation of

restitution is impossible, the sentencing judge may rely on available evidence and make a reasonable estimate. *United States v. Hassebrock*, 663 F.3d 906, 925 (7th Cir. 2011). Smith did not propose an alternative method of calculation, so he cannot complain that the court's estimate is overstated.

Lastly, counsel reports that Smith is "unconcerned" with the conditions of his supervised release, and Smith does not dispute this representation in his Rule 51(b) response. We thus do not consider any potential nonfrivolous arguments concerning Smith's supervised release. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.