RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0021p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

        No. 15-3375

SHAWN BIVENS,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:14-cr-00238—Benita Y. Pearson, District Judge.

Decided and Filed: January 29, 2016

Before: NORRIS, BATCHELDER, and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Damian A. Billak, Canfield, Ohio, for Appellant. Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

SUTTON, Circuit Judge. Shawn Bivens pleaded guilty to violating a slew of laws related to child pornography and sex with a minor, with each of five counts related to a different aspect of his several-month sexual relationship with a young girl. Bivens challenges one part of the district court's calculation of his advisory guidelines range: the failure to group more of the counts together. Because all of the relevant counts arose from distinct crimes in terms of time and injury to the victim, we affirm.

1

In July 2014, a grand jury issued a five-count indictment against Bivens. The five counts explain much of what happened and what Bivens admitted doing.

1. In February 2013 or soon after, Bivens, then thirty-three, met and began a sexual relationship with A.H., then thirteen and living with her father near Bivens' home in northeast Kentucky. Later that year, in October 2013, A.H. moved to northern Ohio to live with her mother. She and Bivens stayed in touch. In early 2014, A.H. took sexually explicit photos of herself at Bivens' request and sent them to Bivens. This gave rise to Count 1: persuading A.H. to create child pornography. 18 U.S.C. § 2251(a).

2. In late February and early March 2014, Bivens arranged to spend a weekend together with A.H. around the time of her fourteenth birthday. Bivens drove from Kentucky to Ohio to see her. This gave rise to Count 2: traveling interstate to engage in illicit sexual conduct. *Id.* § 2423(b).

3. Once together, Bivens took A.H. to a hotel, where the two repeatedly engaged in sexual intercourse. That weekend, Bivens produced ten explicit videos of A.H. This gave rise to Count 3: creating child pornography. *Id.* § 2251(a).

4. Bivens brought his iPhone with him on his drives to and from Ohio. On the way there, the iPhone held many of the explicit photos A.H. had sent. On the way back, it contained those same photos and the new, explicit videos he had taken during the weekend. This gave rise to Count 4: transporting child pornography across state lines. *Id.* § 2252(a)(1).

5. Two months later, A.H. ran away from home. Bivens drove the 5.5 hours to Ohio, picked her up, and drove her back to his home in Kentucky, where the two again repeatedly had sex. This gave rise to Count 5: transporting A.H. between States in order to engage in illegal sexual activity. *Id.* § 2423(a).

After A.H. ran away, her mother reported her missing. Suspicion fell to Bivens, and agents searched his home five times. They could not locate A.H. because she was hiding in a crawl space behind a dresser modified to conceal a trap door. During their sixth search, five days after A.H. had left home, agents found her. They arrested Bivens.

Bivens pleaded guilty to all five counts. The district court sentenced him to 360 months in prison after calculating an advisory guidelines range of 360 months to life. Central to that calculation was the court's decision, over Bivens' objection, not to combine the five counts in determining the advisory guidelines range. *See* U.S.S.G. § 3D1.2. Bivens argued that the guidelines required the combination and that it would have led to a lower range of 292 to 365 months. His appeal challenges only this aspect of his sentence.

Sentencing a defendant convicted of multiple counts can be tricky. The introductory comments to the guidelines illustrate the tension. They say that (1) the judge should "provide incremental punishment" for meaningfully different criminal conduct, and (2) the judge should avoid relying on the formalisms of a prosecutor's "charging decision" to punish the defendant two (or more) times for "substantially identical" conduct. *Id.* ch. 3, pt. D, introductory cmt. The guidelines' "grouping" rules seek to strike the balance. They require courts to group together all counts that "involv[e] substantially the same harm," *id.* § 3D1.2, with the guidelines then requiring group-by-group, not count-by-count, sentencing calculations, *see id.* §§ 3D1.3, 3D1.4.

Counts "involv[e] substantially the same harm," the guidelines explain, in four situations. The one at issue requires courts to group counts that involve the same victim, the same purpose, and the same harm. In the words of the guidelines, each group must contain all counts that "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." *Id.* § 3D1.2(b). Adding some flesh to these bones, the application notes say that grouping is appropriate only if multiple counts are "part of a single course of conduct" *and* "represent essentially one composite harm to the same victim." *Id.* § 3D1.2 cmt. n.4. A court should, for example, combine a count of conspiracy to commit extortion with the completed extortion count. *Id.* A court should *not*, however, group multiple convictions for "robbery of the same victim on different occasions," because each involves a "separate instance[] of fear and risk of harm." *Id.*

In applying these rules, the district court at a minimum correctly decided not to group four of Bivens' five counts of conviction. The two counts of the same substantive crime— producing child pornography—differ in time, manner, and place. In persuading A.H. to send him pornographic photos in January and February 2014 (Count 1), Bivens harmed her in a vastly

different way than videotaping A.H. while the two were together in late February and early March in a rented hotel room (Count 3).  The harm inflicted by those two incidents in turn had little to do with what resulted from Bivens' decision to cross state lines to spend a weekend abusing a child (Count 2) or from his decision, *two months later*, to pick A.H. up after she ran away from home and drive her 5.5 hours away in order to abuse her again (Count 5).  The conduct underlying each of these counts amounted to a "separate instance" of harm to A.H., and the district court properly declined to group the counts.

One of the comments to the grouping guidelines offers support for this conclusion.  It directs courts not to combine two counts of raping the same victim if the crimes occurred on different days.  *Id.*  That illustration materially parallels this case.

Other circuits have reached similar conclusions in other cases involving sex crimes committed by the same defendant against the same victim over an extended period of time.  *See, e.g., United States v. Vasquez*, 389 F.3d 65, 77 (2d Cir. 2004); *United States v. Wise*, 447 F.3d 440, 446–47 (5th Cir. 2006); *United States v. Von Loh*, 417 F.3d 710, 713–14 (7th Cir. 2005); *United States v. Kiel*, 454 F.3d 819, 822 (8th Cir. 2006); *United States v. Weicks*, 472 F. App'x 748, 748–49 (9th Cir. 2012); *United States v. Big Medicine*, 73 F.3d 994, 997 (10th Cir. 1995). Those other courts also follow similar reasoning.  Even if the same act is repeated during an ongoing, continuous pattern of criminality between a single defendant and his victim, each act usually amounts to a fresh harm the victim must face anew.  *See, e.g., Von Loh*, 417 F.3d at 713.

We need not decide whether Bivens' decision to transport his iPhone across state lines, laden with pornographic photos and videos of A.H. (Count 4), separately harmed her.  Even assuming the court should have combined this count rather than treating it separately, the guidelines' adjustment for multiple counts means that the overall calculation would not have changed.  *See* U.S.S.G. § 3D1.4.  Any error was harmless.  *United States v. Charles*, 138 F.3d 257, 268 (6th Cir. 1998).

Bivens' only response to our conclusion is that, in deciding whether to combine all of his counts of conviction for grouping purposes, we should not look at the individual harm caused by each criminal act.  What should matter, he argues, is that he and A.H. had an ongoing

"relationship" and that he had no distinct "animus" for each crime. Appellant's Br. 5, 9. But this argument fails to come to grips with the text of § 3D1.2(b) and its application note. The focus of the provision is on the separate harms that Bivens caused A.H. to suffer. His state of mind and his belief that he, a man in his thirties, was in a "relationship" with an early adolescent make no difference. *See Von Loh*, 417 F.3d at 714.

For these reasons, we affirm.