NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0043n.06

Case No. 15-6328

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 19, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )        ON APPEAL FROM THE UNITED
v.                                           )        STATES DISTRICT COURT FOR
                                             )        THE EASTERN DISTRICT OF
JAMES HELTON, JR.,                           )        KENTUCKY
                                             )
        Defendant-Appellant.                 )
                                             )

BEFORE: COLE, Chief Judge; BOGGS and SILER, Circuit Judges.

**SILER**, Circuit Judge.  Defendant James Helton, Jr. appeals his sentence, arguing that the sentence is both procedurally and substantively unreasonable.  Because the district court did not commit plain error and issued a substantively reasonable sentence, we **affirm.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2015, Helton pleaded guilty to conspiring to distribute five or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  At sentencing, Helton requested a downward departure under USSG § 5H1.4 because of his failing health.  The district court denied this motion.  Finding Helton to be a career offender under USSG § 4B1.1, the district court sentenced Helton to 180 months' incarceration—eight months below the minimum guideline range.

**DISCUSSION**

## I. Procedurally Unreasonable Sentence

### a. Standard of Review

When reviewing for procedural reasonableness, we ensure that the district court committed no "significant procedural error[s]." *United States v. Johnson,* 640 F.3d 195, 201 (6th Cir. 2011) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). "To meet the requirement of procedural reasonableness, the sentencing judge must 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Klups,* 514 F.3d 532, 537 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

While usually the "question of whether a sentence is reasonable is determined using the abuse-of-discretion standard of review," *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007), the procedural claims in this case are reviewed for plain error only. After sentencing Helton, the district court asked the parties if they had any legal objections. At this invitation, Helton raised none. Due to this failure, plain-error review controls. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc) (holding that defendant's failure to raise objection after invitation mandates plain-error review of procedural arguments).

In an inadequacy-of-explanation challenge, the defendant must prove that "the district court would have reached a different sentence if it had reasoned properly." *United States v. Gabbard*, 586 F.3d 1046, 1051 (6th Cir. 2009) (per curiam). A district court's "mere failure to fully *explain* the extent of its consideration of sentencing factors" is not plain error. *United States v. Houston*, 529 F.3d 743, 751 (6th Cir. 2008).

### b. *Policy Statement for Criminal History (USSG § 4A1.3)*

Helton argues that the district court erred in not considering the policy statement that allows for a downward departure found in USSG § 4A1.3. USSG § 4A1.3(b)(1) states "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." *See also United States v. Smith*, 278 F.3d 605, 611 (6th Cir. 2002) (holding "sentencing judges have the discretion to determine that a defendant's criminal history category may overstate his actual criminal history").

To support a downward departure under USSG § 4A1.3(b)(1), Helton points to the remoteness of his predicate offenses which occurred over fourteen years ago, the proximity in time of the predicate offenses to one another as they occurred within a two-year span, the influence of addiction on his recidivism, and his low-level trafficking of drugs. However, Helton never raised this policy statement during sentencing and thus the district court did not abuse its discretion by failing to consider the policy. *United States v. Walls*, 546 F.3d 728, 737 (6th Cir. 2008) (finding that a district court does not abuse its discretion when it does not consider mitigating factors not raised during sentencing).

To try to save this argument, Helton cites *Molina-Martinez v. United States,* 136 S. Ct. 1338 (2016). In *Molina-Martinez*, the Supreme Court allowed the defendant to raise a sentencing guideline error that was not raised in the district court. *Id.* at 1341 ("The error went unnoticed by the court and the parties, so no timely objection was entered."). This error resulted in an incorrect guideline range, which resulted in a remand for resentencing. *Id.* at 1349.

Although *Molina-Martinez* may mitigate the rigid application of *Walls*, *Molina-Martinez* is distinguishable from this case. First, the sentencing guidelines provisions at issue are distinguishable. In *Molina-Martinez*, USSG § 4A1.2(a)(2) (Nov. 2012) stated:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentence were imposed for offenses that were separated by an intervening arrest. . . . If there is no intervening arrest, prior sentences are counted separately unless [other sections not relevant apply].

In this case, as described above, the guideline provision gives the district court discretion to determine whether a downward departure is warranted. Therefore, the guideline policy in this case is not an affirmative instruction, as in *Molina-Martinez*, but a discretionary decision. *See also Smith*, 278 F.3d at 611 (holding "sentencing judges have the discretion to determine that a defendant's criminal history category may overstate his actual criminal history"). Second, "[j]udges may find that some cases merit a detailed explanation of the reasons the selected sentence is appropriate. And that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Molina-Martinez*, 136 S. Ct. at 1346–47. At sentencing, the district court articulated why it was imposing the 180-month sentence. It stated that "this isn't a five-year case" and went into detail that the sentence it imposed was necessary to deter criminal conduct, promote respect for the law, protect the public, and provide adequate punishment. Therefore, the district court made "it clear that [it] based the [180-month] sentence. . . on factors independent of the Guidelines" even going below the guideline range after denying a downward departure. *Molina-Martinez*, 136 S. Ct. at 1347.

In addition to these distinctions, the district court also did not commit a plain error because Helton cannot prove "the district court would have reached a different sentence" if it had

considered the policy. *Gabbard*, 586 F.3d at 1051. While Helton did not have any convictions between 2001 and the instant offense, he was either incarcerated or on parole for almost that entire period. Within a year after being discharged from parole, Helton began distributing methamphetamine again. In addition, his criminal history, without the career-offender enhancement, is prolific, including receiving stolen property and escaping from a state prison camp.

### c. *Downward Departure for Poor Health (USSG § 5H1.4)*

Helton argues that the district court erred in not granting his motion for downward departure because of poor health. We do not "review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Santillana,* 540 F.3d 428, 431 (6th Cir. 2008). In this case, the district court was aware of its discretion. Helton's medical conditions were undisputed. The district court also articulated that it had considered the motion, stating:

> The second one are these policy statements, and health is -- is a policy statement. I'm going to deny your attorney's motion as it relates to a departure, meaning that that recommended sentence ought to be less. I thought the government articulated -- Mr. Parman articulated very well. That's a rare circumstance that we think that the recommended sentence ought to be changed only in the most exceptional circumstances, and I don't think the record supports that in this particular case. But as it relates to a variance, I'm going to address that in a few minutes.

Furthermore, the district court continued, throughout the sentencing proceeding, to acknowledge Helton's exceptionally poor health—facts that were undisputed and remain undisputed—and granted Helton a variance due to his health.

In addition, Helton argues that the district court erred by not making factual findings as to the relative costs and efficiency of home confinement and imprisonment. *See United States v.*

*Bostic*, 371 F.3d 865, 875 (6th Cir. 2004) (stating that USSG §§ 5H1.1 and 5H1.4 "require the district court to consider the relative costs and efficiency of home confinement and imprisonment"); *see also* USSG § 5H1.4 (2015) ("*An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.*"). This argument also fails. While the district court did not explicitly make findings about the relative costs of home confinement, it did find that imprisonment greatly outweighed other alternatives when considering the efficiency. For example, the district court stated that Helton could not continue his drug activity while he is incarcerated. Furthermore, it observed that incarceration would allow Helton to receive proper treatment for his drug addiction and protect the community from his drug activity. Additionally, it stated that incarceration would allow Helton to receive adequate health care and change his lifestyle to have a great impact on his health. Therefore, the district court considered the efficiency of each alternative and found that the efficiency of imprisonment far outweighed other alternatives without any consideration of cost.

### d. *Mitigation Due to Criminal History and Poor Health (18 U.S.C. § 3553(a)(1))*

Helton argues that, in the alternative, the district court erred in not considering his criminal history and poor health as relevant considerations under 18 U.S.C. § 3553(a)(1).

However, the district court clearly applied in detail the statutory factors. Specifically, it considered Helton's prior criminal history stating that "given your prior criminal record and the seriousness of this offense" Helton was likely going to receive a serious sentence. The district court also considered Helton's health in denying a downward departure, but granted a variance below the minimum of the guideline range. While the explanations given for each consideration

may not be as detailed as Helton would have hoped, a district court's "mere failure to fully *explain* the extent of its consideration of sentencing factors" is not plain error. *Houston*, 529 F.3d at 751. Furthermore, "a district court need not provide an explanation for rejecting a mitigating argument if 'the matter is conceptually simple' and 'the record makes clear that the sentencing judge considered the evidence and arguments.'" *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *Rita v. United States,* 551 U.S. 338, 359 (2007)).

### e. Erroneous Facts

The last procedural challenge Helton brings concerning his sentence is that the district court improperly based its sentence on erroneous facts. Specifically, Helton points to three allegedly erroneous statements: (1) stating that Helton was a producer of methamphetamines; (2) conflating Helton's offense with our nation's epidemic of opioid overdose; and (3) mischaracterizing his individual history and characteristics.

In reviewing each of these statements, Helton takes each statement out of context to provide an argument that his sentence was based on erroneous facts not supported by the record. As for the statement that Helton was a producer of methamphetamines, the district court stated that "the one thing I know for sure is you're not going to be cooking meth when you're incarcerated. . . . I don't think you'll be cooking meth [in prison]." To say that the district court wrongfully accused Helton as being a methamphetamines producer is an exaggeration. The district court, in making that statement, was trying to "promote respect for the law" and to "deter future conduct"—both reasonable objectives of sentencing. Furthermore, the district court clarified the "cooking meth" statement stating that "I don't think you'll be able to harm the community in terms of your drug activity."

As for the second statement concerning the national opiate outbreak, the district court was not punishing Helton for the opiate crisis, but instead discussing the crisis as it concerns the seriousness of Helton's crime. As the district court clearly stated,

> That brings me to the third factor. And that is that this sentence needs to reflect the seriousness of this crime. And I gotta' tell you, the longer I do this, the more—the clearer it comes to me the devastation that methamphetamine is imposing on our community, the devastation that opiate addiction is imposing on our community.

Furthermore, methamphetamine and opiate addiction is important because of Helton's history of abusing drugs, such as methamphetamine, amphetamines, and opiates. Lastly, as mentioned above, the district court's statement that Helton "return[ed] to this criminal conduct time and again" is not a conclusion unsupported by the facts. *See United States v. Hreha*, 429 F. App'x 579, 585–86 (6th Cir. 2011) (citing *Rita*, 551 U.S. at 356).

## II. *Substantively Unreasonable Sentence*

### a. *Standard of Review*

In determining substantive unreasonableness, we consider the "totality of the circumstances." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *Gall*, 552 U.S. at 51). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *Id.* at 632–33. "The defendant shoulders the burden of showing substantive unreasonableness." *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing

factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

### b. Analysis

Helton argues that due to his health that the 180-month sentence "condemns him to dying in prison." Helton argues that the district court dismissed these health concerns and imposed a substantively unreasonable sentence. This argument is nothing more than a disagreement with the district court's balancing of the sentencing factors.

Helton's argument that his health should have resulted in a lower sentence "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *Sexton*, 512 F.3d at 332. This assertion is "'simply beyond the scope of [our] appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence.'" *Id.* (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)).

In addition, Helton's argument that his sentence is functionally a life sentence is also unpersuasive. *See, e.g., United States v. Wolcott*, 483 F. App'x 980, 989 (6th Cir. 2012) ("Although [the defendant] may have wanted the district court to show even greater leniency based on his age and health, the court's decision not to do so does not render the sentence unreasonable."). "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

Finally, Helton's below-the-guideline sentence is entitled to a presumption of reasonableness on review. *See, e.g., Sexton*, 512 F.3d at 332 (stating that a sentence within a properly calculated guideline range is entitled to a presumption of reasonableness). Helton provides no evidence to rebut this presumption.

**AFFIRMED.**