<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0316n.06

Case Nos. 18-5799/5800

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 24, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SAUL AGUILAR-ANDRES, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK, NALBANDIAN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Saul Aguilar-Andres pleaded guilty to two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a), and one count of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1). The production counts (charged in an Illinois case) stemmed from Aguilar-Andres's abuse of his six-year-old sister and four-year-old cousin. Aguilar-Andres recorded videos while he raped his sister and forced her to perform sexual acts on him. He also created sexually explicit images of his cousin. The distribution count (charged in a Kentucky case) stemmed from Aguilar-Andres sharing the materials online under the profile "olderbrother.210."

Aguilar-Andres agreed to transfer the Illinois case to Kentucky, and the Kentucky court sentenced him for all three counts. The presentence report calculated his total offense level as

52 for these counts—well above the highest offense level (43) that triggers a life sentence. U.S.S.G. ch. 5, pt. A (sentencing table) (2016). Yet the statutory maximum for each production count was only 30 years (360 months), 18 U.S.C. § 2251(e), and the statutory maximum for the transportation count was only 20 years (240 months), *id.* § 2252(b)(1). The presentence report thus set the Sentencing Guidelines range at 960 months, which picked the maximum sentence for each count and ran the sentences consecutively to approach the "total punishment" (life) recommended by the Guidelines. U.S.S.G. § 5G1.2(b)–(d). Aguilar-Andres did not object to the presentence report, but asked the district court to vary from the Guidelines sentence by imposing a term of 180 months. The United States also suggested a below-Guidelines sentence between 210 and 240 months.

Adopting the presentence report's calculations at sentencing, the district court recognized that the Guidelines called for a 960-month sentence. Both sides agreed. The court then heard from a psychologist about Aguilar-Andres's mental health. Aguilar-Andres and his mother next asked for a reduced sentence because he was only 20 and his past included emotional and physical abuse from his stepfather. (The presentence report and Aguilar-Andres's motion for a variance also suggested he suffered childhood sexual abuse from an older sister and her friend.) While acknowledging Aguilar-Andres's history, the district court found the parties' proposed sentences "wholly unsatisfactory." It explained that this case was "unusual" because it involved production of child pornography depicting young relatives, not just possession or distribution. The videos showed Aguilar-Andres "essentially raping" his sister, which took his conduct "beyond the pale of the ordinary case." The court settled on a 600-month sentence—360 months above the United States' proposal, but 360 months below the Guidelines sentence. It imposed this sentence as

concurrent 360-month sentences on the two production counts, to run consecutive to a 240-month sentence on the transportation count. Aguilar-Andres stated no objections.

Changing his tune on appeal, Aguilar-Andres objects that his sentence was procedurally unreasonable because the district court (1) improperly calculated the Guidelines sentence and (2) failed to adequately explain its reasoning. His failure to raise these concerns below means that he must establish a "plain error." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). That is, he must identify an error that was obvious, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* He has not done so for either alleged error.

1. *Guidelines Calculation*. Aguilar-Andres is right that a district court commits a procedural error if it incorrectly calculates the Guidelines sentence. *See United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008). But he is wrong in asserting "confusion" over the way in which the district court calculated his Guidelines sentence here.

"Sentencing a defendant convicted of multiple counts can be tricky." *United States v. Bivens*, 811 F.3d 840, 842 (6th Cir. 2016). So it is here: The Guidelines transform three counts across two cases into one sentence (or sentencing range). *See United States v. Griggs*, 47 F.3d 827, 831–32 (6th Cir. 1995); U.S.S.G. § 3D1.1(a) & cmt. n.1. To achieve this transformation, district courts must group closely related counts; determine the adjusted offense level for each group; use those levels to calculate one combined offense level; make final adjustments for a total offense level; then use the total offense level and the defendant's criminal-history category to determine the Guidelines sentence. *See* U.S.S.G. §§ 3D1.1(a)(1)–(3), 3D1.5. The presentence report (adopted by the district court) faithfully followed these steps. It created two groups corresponding to the two victims, applied various enhancements for each group (and victim), and

ended with a total offense level of 52.  Because that level exceeded 43, the maximum level under the Guidelines, Aguilar-Andres's total offense level became 43 and his Guidelines sentence became life imprisonment.  U.S.S.G. ch. 5, pt. A, cmt. n.2.

But there was a hitch.  The life sentence would exceed the statutory maximum for each of Aguilar-Andres's three counts.  18 U.S.C. §§ 2251(e), 2252(b)(1).  Section 5G1.2 tells courts what to do in those circumstances:  If the maximum sentence "on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  U.S.S.G § 5G1.2(d).  In other words, when "no count carries an adequate statutory maximum," sentences should run consecutively "to achieve the total punishment."  *Id.* § 5G1.2 cmt. n.1.  And the "total punishment" is the "combined length of the sentences . . . determined by the court after determining the adjusted combined offense level and the Criminal History Category."  *Id.*; *United States v. Graham*, 327 F.3d 460, 464–66 (6th Cir. 2003).  Here, then, because Aguilar-Andres's "total punishment" was a life sentence, the district court correctly stacked the three maximums to arrive at a Guidelines sentence of 960 consecutive months.  *See United States v. Gaskin*, 587 F. App'x 290, 298 (6th Cir. 2014).

In response, Aguilar-Andres now suggests that his Guidelines sentence was the 600-month term the district court imposed.  That is so, he claims, because a different subsection, U.S.S.G. § 5G1.2(c), required the district court to impose concurrent sentences for his production counts.  But that section applies "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment[.]"  U.S.S.G. § 5G1.2(c).  The highest statutory maximum here (30 years) did not achieve total punishment (life), so the very next subsection directs the sentences on those counts to run consecutively.  *See id.* § 5G1.2(d).

Aguilar-Andres also pinpoints a mathematical error deep in the presentence report's offense-level calculations. Specifically, the report mistakenly identified the adjusted offense level for one of the two groups as 44 rather than 42. But correcting this error, at most, would lower Aguilar-Andres's *total* offense level from 52 to 51—still well above the maximum of 43 that the district court imposed. *Id*. ch. 5, pt. A, cmt. n.2. Because the miscalculation did not alter Aguilar-Andres's total offense level (43) or recommended Guidelines sentence (960 months), "[a]ny error was harmless," *Bivens*, 811 F.3d at 843, and could not affect his "substantial rights," *United States v. Bell*, 661 F. App'x 318, 325 (6th Cir. 2016).

2. *Adequate Explanation*. Having cleared up any confusion with the Guidelines, we turn to Aguilar-Andres's argument that the district court inadequately explained his sentence. He says that the district court did not adequately analyze the § 3553(a) factors or provide a sufficient statement of reasons under § 3553(c). The plain-error standard leads us to disagree.

*First*, "[w]hether the court's brief explanation for this sentence sufficed or not, any potential error was not 'plain'" under the second plain-error element. *Vonner*, 516 F.3d at 387. Begin with § 3553's standards. Apart from correctly calculating the Guidelines range, the statute requires a court to consider the other factors in § 3553(a) and to explain under § 3553(c) why it chose the specific sentence. *See United States v. Coleman*, 835 F.3d 606, 615 (6th Cir. 2016). Applying these standards, the Supreme Court has said that a sentencing court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Thus, the court's "explanation for the sentence generally need not be lengthy." *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007). And it need not provide "a rote listing or some other ritualistic incantation" of the § 3553(a) factors. *United States v. Trejo-*

*Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Even when "a more specific discussion of the relevant factors would have been preferable," it is enough if the record "allow[s] for meaningful appellant review." *United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006).

Here, the district court could have (perhaps should have) said more. Its explanation was short and did not mention § 3553. Yet we can map the district court's reasoning onto the § 3553(a) factors. The court discussed the nature and circumstances of the offense and mentioned Aguilar-Andres's personal history. 18 U.S.C. § 3553(a)(1). It explained that his crimes deserved a severe sentence, particularly given the lifelong impact on his victims. *Id.* § 3553(a)(2)(A). It identified the Guidelines sentence. *Id.* § 3553(a)(4). And it recommended Aguilar-Andres to a facility where he could take part in treatment programs. *Id.* § 3553(a)(2)(D). We have found similar explanations enough to avoid the "plain" in the plain-error label. *United States v. Brandon*, 736 F. App'x 573, 575–76 (6th Cir. 2018); *United States v. Davis*, 702 F. App'x 247, 252–54 (6th Cir. 2017); *cf. United States v. McFarland*, No. 17-6470, 2019 WL 1255546, at *7 (6th Cir. Mar. 18, 2019).

In response, Aguilar-Andres cannot "point to any specific factor that was not presented to and considered by the district court." *Dexta*, 470 F.3d at 615. He says that the district court did not state whether it sentenced him "to a Guidelines sentence, above it, below it, or the statutory maximum." Not so. The court calculated the Guidelines sentence as 960 months (without any objection from Aguilar-Andres), so its 600-month sentence fell well below the Guidelines. Aguilar-Andres also says that the district court did not state "on the record" the parties' sentencing recommendations. Yet the court noted that it had "considered the suggestions . . . as to what would be an appropriate sentence" and found them "wholly unsatisfactory." The court then explained why: "This is child rape we're talking about. Child sexual abuse we're talking about that was being filmed by you and distributed to other people."

*Second*, Aguilar-Andres has not shown that any purported error affected his substantial rights under the third plain-error element. *United States v. Gabbard*, 586 F.3d 1046, 1051 (6th Cir. 2009) (per curiam). "[I]n the ordinary case," this element requires a defendant to "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citation omitted). As applied to "an inadequacy-of-explanation challenge," one line of our cases says that this element requires a defendant to show a reasonable likelihood "that 'the district court would have reached a different sentence if it had reasoned properly.'" *United States v. Helton*, 676 F. App'x 476, 478 (6th Cir. 2017) (quoting *Gabbard*, 586 F.3d at 1051); *United States v. Ayala*, 652 F. App'x 399, 404 (6th Cir. 2016); *cf. United States v. Woodard*, 638 F.3d 506, 509 (6th Cir. 2011). Another line suggests that the denial of a "right to meaningful appellate review" itself shows the denial of a substantial right. *United States v. Cabrera*, 811 F.3d 801, 813 (6th Cir. 2016) (citing *United States v. Blackie*, 548 F.3d 395, 402–03 (6th Cir. 2008)). And while a case once attempted to reconcile these standards by choosing one standard for within-Guidelines sentences and the other for above-Guidelines sentences, *United States v. Coots*, 408 F. App'x 968, 972 (6th Cir. 2011), we have rejected that distinction in a published opinion, *United States v. Wallace*, 597 F.3d 794, 806–07 (6th Cir. 2010).

Under either framework, Aguilar-Andres's claim fails. For one thing, Aguilar-Andres offers nothing to suggest "that the district court would have reached a different sentence if it had reasoned properly." *Gabbard*, 586 F.3d at 1051. Indeed, his sentence was already 30 years *below* the Guidelines sentence. For another thing, the district court "provided enough information and reasoning to enable us to conduct meaningful appellate review." *United States v. McClain*,

429 F. App'x 538, 542 (6th Cir. 2011).  As noted, its reasoning implicitly followed the § 3553(a)

factors and adequately explained its grounds for rejecting the parties' proposed sentences.

We affirm.