NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0517n.06

Case No. 13-1250

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jul 15, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LEWIS KEVIN BELL, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

**MERRITT, Circuit Judge.** The defendant Bell was convicted by a jury of being a felon unlawfully in the possession of a pistol in violation of 18 U.S.C. § 922(g)(1), for which the maximum sentence is ten years. The district court, following a recommendation of the presentence report, found the defendant also to be an Armed Career Criminal, which mandates a minimum sentence of fifteen years. The district court sentenced the defendant to seventeen years and six months. Due to the diligent work of defense counsel appointed on appeal, the parties have agreed that the defendant does not meet the test for punishment as an Armed Career Criminal and that his sentence should be vacated and the case remanded for resentencing.

That agreement between the parties leaves two issues for decision on appeal: First, the defendant's claim that the facts before the police did not justify the stop, seizure of the pistol and

- 1 -

arrest under the doctrine of *Terry v. Ohio*, 392 U.S. 1 (1968); and second, the defendant's claim

that the government improperly destroyed the coat the defendant was wearing when stopped—

asserting that the indictment should have been dismissed, or "at a minimum," that the jury should

have been instructed to take into account the government's conduct when it destroyed the

defendant's coat.

## I.  The *Terry* Stop Issue

On this Fourth Amendment claim, the district court accepted the prosecution's rendition

of the facts as follows:

> According to the government, Defendant was arrested while walking south-bound on Greenfield Road approaching Capitol Street at 2:30 a.m. on November 4, 2011, by two Detroit Police officers on patrol.  The officers were on patrol in the area due to recent armed robberies and shootings, and they did not have a warrant for Defendant's arrest.

> Upon seeing Defendant, the officers illuminated him with a flashlight. The officers testified they saw a bulge in defendant's front jacket in the shape of a gun, at which point they exited their vehicle.  After Defendant grabbed his pocket, the officer asked Defendant to show his hands, and Defendant ultimately complied.  Upon finding a gun in Defendant's possession, the officers arrested him.

At oral argument and in his letter to the court of May 9, after oral argument on May 1,

2014, defense counsel took issue with the district court's factual statement as follows:

> At the very least it must be acknowledged that the District Court clearly erred when it found that the officers "testified" that the bulge in Mr. Bell's jacket was "in the shape of a gun."  Op. & O (doc. #30) 161 (emphasis added).  There is no such testimony in the record.

As we read the record, this defense claim understates the strength of the arresting

officer's testimony.  Beginning on page 23 of the Record (doc. #33), an arresting officer testified

as follows:

Q. On the activity log it indicates that there was a bulge in Mr. Bell's pocket which appeared to be a gun, correct?

A. Correct.

Q. Could you see by the bulge that it was a gun or were you just assuming that the bulge was a gun?

A. Well, the bulge appeared to be a gun to me.

The officer's belief, based on his eyewitness observations, that the defendant had a bulge in his pocket that was in the shape of a gun provides "reasonable suspicion" under the *Terry* doctrine that the defendant was carrying a concealed pistol. Defense counsel does not argue that carrying such a concealed weapon in Michigan is legal, but rather that simply having his hand on a "bulge" in his pocket is not sufficient to trigger a valid *Terry* stop. Here, however, the testimony was that the "bulge" was in the shape of a gun. The officer was "experienced," a factor that *Terry* recites as a consideration to be taken into account. 392 U.S. at 23, 30. The other facts stated by the district court—that the events happened at 2:30 a.m. in the morning in a Detroit area where recent "robberies and shootings" had occurred—make a persuasive case for the stop in the first instance. The suspicion that the defendant had a pistol in his pocket completes the basis for the frisk and makes it reasonable. The arresting officers did not ask the defendant to hold up his hands and submit to a seizure until after this combination of factors was present. The request to raise his hands in such circumstances was approved in *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The district court did not err in accepting this reasoning.

## II. Improper Destruction of Evidence

The defendant also should not prevail on his claim that the district court should have either dismissed the indictment or given a favorable jury instruction because his coat was not preserved as evidence.

As this court explained in *United States v. Jobson*, the following three-part test is applied to determine if the destruction of evidence offended due process:

> (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means.

102 F.3d 214, 218 (6th Cir. 1996).

There is no evidence that the government (Wayne County Jail) acted in bad faith, or destroyed the defendant's coat for any reason independent of the jail's normal practice. Whether the coat could have been helpful to the defendant's case may be difficult to determine today, but it is not obvious that Bell could not have used another coat from the same company to make the point.

Accordingly, we affirm defendant's conviction and remand to the district court for resentencing in accordance with this opinion.