NOT RECOMMENDED FOR PUBLICATION
File Name:  16a0523n.06

No. 14-2397

**FILED**
Sep 08, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| LEWIS KEVIN BELL, | ) |
| | ) OPINION |
| Defendant-Appellant. | ) |

BEFORE:    SILER, SUTTON, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**    A jury in the Eastern District of Michigan convicted Lewis Kevin Bell of unlawful possession of a firearm by a felon under 18 U.S.C. § 922(g)(1).  The district court initially classified Bell as an armed career criminal subject to a mandatory minimum of 15 years under the Armed Career Criminal Act (ACCA) and sentenced him to 210 months of imprisonment.  "Due to the diligent work of defense counsel appointed on appeal," however, the parties subsequently "agreed that the defendant does not meet the test for punishment as an Armed Career Criminal and that his sentence should be vacated and the case remanded for resentencing."  *United States v. Bell*, 572 F. App'x 417, 418 (6th Cir. 2014). We affirmed Bell's § 922(g)(1) conviction, but vacated his sentence in light of the parties' agreement and remanded for resentencing.  *Id.* at 420.  The district court resentenced Bell without the fifteen-year minimum, and Bell now appeals his new sentence.  Because we find that

Bell has not carried his burden to show that any errors at resentencing were prejudicial, we

**AFFIRM**.

## I. BACKGROUND

A brief overview of the legal landscape surrounding prior convictions for violent crimes

in the sentencing context is helpful for understanding the procedural history of this case and the

arguments presented on appeal.

### A. Legal Landscape

The term "crime of violence" is used to trigger increased sentences under several

provisions of the United States Sentencing Guidelines (Sentencing Guidelines or USSG). As

relevant here, the 2014 version of the Sentencing Guidelines defines "crime of violence" as

follows:

> The term "crime of violence" means any offense under federal or
> state law, punishable by imprisonment for a term exceeding one
> year, that—
>
> (1) has as an element the use, attempted use, or threatened use
> of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use
> of explosives, or otherwise involves conduct that presents a
> serious potential risk of physical injury to another.

USSG §4B1.2(a).[1] Our circuit interprets and applies this definition in the same way that we

interpret and apply the definition of "violent felony" under the ACCA because "both laws share

essentially the same definitions (if not the same titles)." *United States v. Ford*, 560 F.3d 420,

421 (6th Cir. 2009). To that end, when determining whether or not a defendant's prior

---

[1]Because the district court resentenced Bell in 2014, the 2014 Sentencing Guidelines are the relevant version for purposes of his resentencing and appeal. *See* 18 U.S.C. § 3553(a)(4) (instructing sentencing courts to consider the version of the Sentencing Guidelines "in effect on the date the defendant is sentenced"); *see also United States v. Welch*, 689 F.3d 529, 532–33 (6th Cir. 2012) ("A district court generally applies the version of the Sentencing Guidelines in place at the time of sentencing[.]").

conviction constitutes a "crime of violence" under the Sentencing Guidelines, we follow the Supreme Court's ACCA precedent and "apply a 'categorical' approach, meaning that we look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." *Id.* at 422 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)); *see also Shepard v. United States*, 544 U.S. 13, 16–20 (2005); *United States v. Soto-Sanchez*, 623 F.3d 317, 319–25 (6th Cir. 2010). This requires courts to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as [a crime of violence] only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). If the text of a particular statute of conviction suggests that "it is possible to violate [the] criminal law in a way that amounts to a crime of violence and in a way that does not," then we apply a modified categorical approach and "may look at the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense." *Ford*, 560 F.3d at 422 (quoting *Shepard*, 544 U.S. at 26); *see also Descamps*, 133 S. Ct. at 2281.

The Supreme Court considerably altered one aspect of its ACCA precedent in *Johnson v. United States*, 135 S. Ct. 2551 (2015). There the Supreme Court declared that the so-called "residual clause" of the ACCA's violent felony definition is unconstitutionally vague and therefore void. *See Johnson*, 135 S. Ct. at 2256–58. The language of the ACCA's residual clause—which defines as a violent felony a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)—mirrors the language of the residual clause in the Sentencing Guidelines that defines as a crime of violence any offense that "otherwise involves conduct that presents a serious potential risk of physical

injury to another," USSG § 4B1.2(a)(2). Consistent with our precedent interpreting and applying these two definitions in the same way, we recently held that "the rationale of *Johnson* applies equally to the residual clause of the Guidelines" and that "the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague." *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).[2] The Supreme Court issued *Johnson* after the district court resentenced Bell in the instant case, and Bell's arguments on appeal boil down to the assertion that *Johnson* impacts his case in a way that requires us to once again vacate his sentence and remand to the district court for resentencing.

## B. Procedural History

In Bell's first direct appeal from his § 922(g)(1) conviction and sentence—a sentence that included a fifteen-year mandatory minimum under the ACCA on the recommendation of the probation office—we affirmed Bell's conviction but vacated his sentence in light of the parties' agreement on appeal that Bell's prior convictions did not bring him within the sweep of the ACCA. *Bell*, 572 F. App'x at 418–20. On remand for resentencing, the probation office submitted a revised presentence investigation report (PSR) that omits the ACCA recommendation and calculates Bell's advisory range under the Sentencing Guidelines. The PSR identifies § 2K2.1 as the applicable Sentencing Guideline for Bell's § 922(g)(1) offense and states that § 2K2.1 "provides that an offense involving a defendant who committed the instant

---

[2]The Supreme Court has not yet ruled on whether its holding in *Johnson* applies to the residual clause in the Sentencing Guidelines, but the Court has granted certiorari in a case that presents the question for the October 2016 term. *See Beckles v. United States*, 136 S. Ct. 2510 (2016) (mem.). In the meantime, the United States Sentencing Commission unanimously voted to adopt an amendment striking the residual clause in § 4B1.2 and making other changes to conform the Sentencing Guidelines to the Supreme Court's holding in *Johnson*. *See* U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines (2016), http://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20160121_ Amendments_0.pdf (last visited Aug. 10, 2016); *see also* News Release, U.S. Sentencing Comm'n, U.S. Sentencing Comm'n Adopts Amendment to Definition of "Crime of Violence" in Fed. Sentencing Guidelines & Proposes Additional Amendments (2016), http://www.ussc.gov/news/press-releases-and-news-advisories/january-8-2016 (last visited Aug. 10, 2016).

offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense has a base offense level of 24." (PSR at 4, ¶ 19.) The PSR also states that "[t]he defendant has prior felony convictions including Manslaughter, Trafficking in Cocaine, and Fleeing Police Officer; as such, the defendant has two prior violent felonies and one prior substance abuse conviction." (*Id.* at 4, ¶ 13.) In a section discussing Bell's criminal history, the PSR provides additional information about these and other prior state convictions, though it does not identify any other convictions as either violent or having to do with controlled substances for purposes of § 2K2.1. For each prior conviction, the PSR provides considerable information relating to Bell: the date of arrest, Bell's age, the counts and court of conviction, any sentence(s) received, and a brief narrative description of the conduct involved. But the PSR does not contain code citations to any of the relevant state statutes of conviction; instead, it simply lists what appear to be either names or descriptions of the various offenses. The PSR calculates Bell's total offense level under the Sentencing Guidelines as 24 and his criminal history score as 12, placing Bell in criminal history category V and resulting in an advisory range of 92 to 115 months. Neither Bell nor the government objected to the revised PSR prior to resentencing.

The district court resentenced Bell on October 21, 2014. In so doing, it adopted the factual findings and the applications of the guideline range that appeared in the revised presentence report and accepted a guideline range of 92 to 115 months. The court resentenced Bell to a term of imprisonment of 110 months. Neither side voiced any objections during the resentencing hearing, but Bell timely appealed his new sentence.

On appeal, Bell argues that his prior conviction for fleeing a police officer is no longer a crime of violence in light of *Johnson* and that his manslaughter conviction cannot count as a

crime of violence for § 2K2.1 purposes because neither the PSR nor the district court assigned any criminal history points to that conviction when calculating Bell's advisory guideline range. Bell also argues that the district court erred when, via its adoption of the PSR, the court assigned a criminal history point to Bell's misdemeanor conviction of misrepresenting identification to a police officer because, according to Bell, that conviction falls under a list of excluded misdemeanors that should not receive criminal history points. The government argues in response that Bell waived all of these arguments by failing to raise them in his first direct appeal and/or by failing to object to the PSR at resentencing. The government further contends that, even if not waived, Bell's failure to raise these arguments before the district court limits this court to plain error review and that Bell has failed to demonstrate plain error with respect to any of his claims.

## II.     STANDARD OF REVIEW

We typically review a defendant's sentence for reasonableness. *See United States v. Grams*, 566 F.3d 683, 685 (6th Cir. 2009). In so doing, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *Gall v. United States*, 552 U.S. 38, 51 (2007). If a sentence is procedurally sound, we then review for substantive reasonableness using an abuse-of-discretion standard. *See id.* "We review de novo the district court's determination that a prior conviction is a 'crime of violence' under U.S.S.G. § 4B1.1." *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009).

Where a party has failed to object to a procedural defect before the district court, however, we review claims of procedural unreasonableness for plain error. *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). This is because "Federal Rule of Criminal Procedure 52(b), which governs on appeal from criminal proceedings, provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court." *United States v. Olano*, 507 U.S. 725, 731 (1993). Under the test for plain error embodied by Rule 52(b), we may remedy forfeited errors only if there exists "an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *Id.* at 732 (alteration in original) (quoting Fed. R. Crim. P. 52(b)). The Supreme Court has explained that "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious,'" *id.* at 734, and that "[n]ormally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)," *id.* at 735. If there is an error that is clear and affects substantial rights, then we may exercise our discretion to remedy a forfeited error that "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736 (alteration in original) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)); *see also United States v. Young*, 470 U.S. 1, 15 (1985); *United States v. McDaniel*, 398 F.3d 540, 546–47 (6th Cir. 2005).

### III.      ANALYSIS

The government argues, as an initial matter, that Bell has waived his right to bring the instant challenges on appeal. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Olano*, 507 U.S. at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *see also United States v. Fowler*, 819 F.3d 298, 306 (6th Cir. 2016) ("The mere failure to object to a sentencing error, even when the party admits there is no objection,

does not constitute waiver."). With respect to Bell's claim that his prior conviction for fleeing a police officer is no longer a crime of violence under *Johnson*, we have previously held that "[i]t would have been impossible for . . . defendants to have intentionally relinquished or abandoned" claims based on a Supreme Court opinion that "was decided after they were sentenced." *United States v. Stines*, 313 F.3d 912, 917 (6th Cir. 2002). Bell therefore has not waived his *Johnson*-based claim, and we may review that claim for plain error. *See id.* at 917–18. Whether or not Bell has waived his remaining arguments is a closer question; it is a question we need not resolve, however, because even assuming that Bell's arguments are merely forfeited and not waived, applying the plain error standard leads us to conclude that Bell has failed to carry his burden to show prejudice under Rule 52(b)—or to argue that such a showing is not required in the circumstances presented in this case. We therefore cannot correct even clear or obvious errors that occurred at resentencing.

### A.  Clear or Obvious Error

Beginning with Bell's *Johnson*-based claim that his conviction for fleeing a police officer only qualified as a crime of violence under the now-voided residual clause, we turn to the district court's analysis of Bell's prior convictions. We held in *United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009), that "[t]o determine whether a prior conviction constitutes a 'crime of violence,'" courts "must apply the categorical approach expressed in *Taylor v. United States*, 495 U.S. 575 (1990), and expanded to convictions based on guilty pleas in *Shepard v. United States*, 544 U.S. 13 (2005)." *Wynn*, 579 F.3d at 571; *see also United States v. Hockenberry*, 730 F.3d 645, 664 (6th Cir. 2013) ("In considering whether an offense is a violent felony, the Court must employ a categorical approach."). The record here reveals that neither the PSR nor the district court complied with this requirement to apply the categorical approach and "look only to the fact of

conviction and the statutory definition—not the facts underlying the offense—to determine whether that definition supports a conclusion that the conviction was for a crime of violence." *Wynn*, 579 F.3d at 571 (emphasis and citation omitted). Indeed, the PSR fails even to identify the relevant statutes of conviction much less compare the statutory definitions contained therein to the generic versions of each offense. In lieu of the proper categorical analysis, the PSR contains a single sentence—"[t]he defendant has prior felony convictions including Manslaughter, Trafficking in Cocaine, and Fleeing Police Officer; as such, the defendant has two prior violent felonies and one prior substance abuse conviction." (PSR at 4, ¶ 13.) The district court likewise failed to mention or analyze the relevant statutory definitions for Bell's purportedly violent crimes at the resentencing hearing, instead "adopt[ing] the factual findings and the applications of the guideline range as it appears in the [presentence] report[.]" (R. 83, PageID 673.) This was error, error that was clear and obvious in light of *Wynn*. *See Olano*, 507 U.S. at 734; *see also Hockenberry*, 730 F.3d at 665 ("[T]he district court's categorization of [defendant's] fleeing or attempting to elude conviction as a violent felony was plain error.").

Bell's remaining arguments alleging error do not concern the categorical approach, though Bell suggests that at least some of his remaining arguments are only relevant now that *Johnson* has called into question whether his conviction for fleeing a police officer is a crime of violence. With respect to his prior conviction for manslaughter, Bell argues that the conviction should not have counted toward the two violent crimes needed to receive a base offense level of 24 under § 2K2.1(a)(2) because neither the PSR nor the district court assigned criminal history points to the manslaughter conviction at resentencing. In other words, Bell is not arguing on appeal that manslaughter is not a crime of violence under the definition provided in the Sentencing Guidelines as modified by *Johnson*. Bell argues only that the manslaughter

conviction should not be used to increase his base offense level under § 2K2.1 because the application notes to that guideline instruct that courts should "use only those felony convictions that receive criminal history points" in determining the proper base offense level, quoting USSG § 2K2.1 cmt. n.10. Bell's final argument is that the PSR and district court wrongly assigned a criminal history point to Bell's misdemeanor conviction for misrepresenting identification to a police officer. According to Bell, that conviction falls under a list of excluded misdemeanors that do not receive criminal history points under §4A1.2(c). Bell has not demonstrated, however, that either of these alleged errors was "so plain that the trial judge . . . [was] derelict in countenancing it." *United States v. McCloud*, 730 F.3d 600, 608 (6th Cir. 2013) (alterations in original) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)); *see also Olano*, 507 U.S. at 734 ("At a minimum, court[s] of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law."). Even if Bell had shown that these errors were obvious, he would still have to show that the errors affected his substantial rights.

### B.     Affecting Substantial Rights

The Supreme Court recognized in *United States v. Olano* that "[n]ormally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)." 507 U.S. at 735. The Supreme Court has recently clarified that when an "erroneous, and higher, Guidelines range set[s] the wrong framework for the sentencing proceedings[,]" Rule 52(b)'s prejudice standard is typically satisfied. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). But that prejudice standard is not automatically met here, because it appears that the errors in the calculation of Bell's Sentencing Guidelines range resulted in the court mistakenly considering a *lower* range, not a higher one. Bell has not addressed prejudice in his briefs on appeal, nor has he argued that

a specific showing of prejudice is unnecessary in the circumstances present here. Our review of the record, moreover, does not provide reason to presume prejudice with respect to either the district court's clear error of failing to apply the categorical approach or the other errors Bell has alleged. *See Olano*, 507 U.S. at 737 (noting that respondents had not "made a specific showing of prejudice" and that there was "no reason to presume prejudice"). To the contrary, it appears likely that the balance of any errors at resentencing tipped in Bell's favor, resulting in a lower advisory guideline range. An error-free guidelines calculation presumably would have resulted in Bell's conviction for manslaughter receiving three criminal history points pursuant to § 4A1.2(d)(1), assuming that Bell was convicted as an adult for that offense. Because Bell has not argued that manslaughter is not a crime of violence under the proper analysis, or that his conviction for trafficking in cocaine does not qualify as a controlled substance offense for purposes of § 2K2.1(a)(2), Bell's base offense level apparently would have remained 24. Adding three criminal history points for the manslaughter conviction would have raised his criminal history score to a number greater than thirteen, even without assigning a point to Bell's misdemeanor offense for misrepresenting identification to a police officer. This would have placed Bell in criminal history category VI, triggering a higher advisory guideline range than the range the district court used to resentence him.

Bell therefore has not made a specific showing of prejudice, and because he has not argued that such a showing is not required here, he has failed to carry his burden under Rule 52(b) to show that any errors at resentencing affected his substantial rights. Accordingly, we cannot correct such errors and need not proceed to the final step of the plain error analysis.

## IV.     CONCLUSION

The circumstances of this case are unusual.  Our precedent holds that district courts must properly calculate a defendant's advisory guideline range—and must apply the categorical approach to determine whether or not a defendant's prior convictions constitute crimes of violence—but Bell has not shown that the combination of errors that occurred at resentencing in this case resulted in prejudice to him.  Consequently, for the reasons stated above, Bell has failed to carry his burden under the plain error standard of Rule 52(b) and we are required to **AFFIRM** his sentence.